# SUPREME COURT OF ARKANSAS

No. CV–12–199

| | |
|---|---|
| ADRIAN CHARLES SMITH<br><br>APPELLANT<br><br>v.<br><br>RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br><br>APPELLEE | **Opinion Delivered** October 10, 2013<br><br>PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT, 40LCV-11-107, HON. JODI RAINES DENNIS, JUDGE<br><br>AFFIRMED. |

**PER CURIAM**

In 2009, appellant Adrian Charles Smith entered a plea of guilty to attempted capital murder, aggravated robbery, and three counts of aggravated assault. Appellant was sentenced to serve an aggregate sentence of 660 months' imprisonment with imposition of sentence suspended for the three counts of aggravated assault.

In 2011, appellant filed a pro se petition for writ of habeas corpus in the Lincoln County Circuit Court, located in the county where he was in custody.[1] The circuit court dismissed the petition, and appellant brings this appeal. We find no error and affirm the order.

A writ of habeas corpus is only proper when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Girley v. Hobbs*, 2012 Ark. 447 (per curiam); *Abernathy v. Norris*, 2011 Ark. 335 (per curiam). The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus

---

[1]As of the date of this decision, appellant remains incarcerated in Lincoln County.

SLIP OPINION

should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). Under our statute, a petitioner who does not allege his actual innocence must plead either the facial invalidity or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); *Murry v. Hobbs*, 2013 Ark. 64 (per curiam).

Appellant contended that the writ should issue in his case because the sentence imposed was illegal, rendering the judgment-and-commitment order invalid on its face. He based the claim on the following allegations: he was coerced to plead guilty by threats that he could receive a life sentence but would receive only a five-year suspended sentence if he pled guilty or that the sentence imposed would be reduced by five years; the 480-month sentence imposed on him for attempted capital murder exceeded the statutory range for that offense; he was wrongly convicted of both attempted capital murder and use of a firearm in the course of a felony; it was error for the court to impose an enhancement to the term of imprisonment for capital murder because only a jury had authority to do so; the enhancement for use of a firearm was not shown on the first information charging him with aggravated robbery.

First, the circuit court did not err in denying relief on appellant's claim that the sentence imposed for attempted capital murder exceeded the statutory range for the offense. Arkansas Code Annotated section 5-3-203(1) (Repl. 2006) provides that a criminal attempt is a Class Y felony if the offense attempted is capital murder. Arkansas Code Annotated section 5-4-401(a)(1) (Repl. 2006) provides that the range of punishment for a Class Y felony shall not be less than ten years and not more than forty years or life. Appellant's 480-month sentence (40

SLIP OPINION

years) was within the range set by the statute. Accordingly, the sentence was not excessive, and the judgment-and-commitment order was not invalid on its face.

Appellant's assertion that he was entitled to issuance of the writ based on a flaw in the information was likewise without merit. Challenges to the sufficiency of the charging instrument are not jurisdictional and must be raised prior to trial. *Dickinson v. Norris*, 2011 Ark. 413 (per curiam); *Sawyer v. State*, 327 Ark. 421, 938 S.W.2d 843 (1997) (per curiam). When a defendant enters a plea of guilty, the plea is his or her trial. *Coleman v. State*, 2011 Ark. 308 (per curiam) (citing *Crockett v. State*, 282 Ark. 582, 669 S.W.2d 896 (1984)). A habeas-corpus proceeding does not afford a convicted defendant an opportunity to retry his case and argue issues that could have been settled at trial. *Hill v. State*, 2013 Ark. 143 (per curiam).

The remaining issues raised by appellant in his petition pertained to error that could have been addressed either before he entered his plea or in a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2009). Again, a habeas-corpus proceeding is not a means to revisit the merits of issues that could have been addressed, and settled, in the trial court or in a postconviction proceeding. *Douthitt v. Hobbs*, 2011 Ark. 416 (per curiam); *Friend v. Norris*, 364 Ark. 315, 219 S.W.3d 123 (2005) (per curiam).

Because appellant's petition did not establish the facial invalidity of the judgment or demonstrate a lack of the trial court's jurisdiction, appellant did not establish a basis for a writ of habeas corpus to issue. *See Culbertson v. State*, 2012 Ark. 112 (per curiam); *see also Skinner v. Hobbs*, 2011 Ark. 383 (per curiam); *McHaney v. Hobbs*, 2012 Ark. 361 (per curiam) (Due-process allegations are not cognizable in a habeas proceeding.). Accordingly, the circuit court did not



err when it declined to issue a writ to effect appellant's release from custody.

Affirmed.

*Adrian Charles Smith*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.