SLIP OPINION



Cite as 2013 Ark. 413

# SUPREME COURT OF ARKANSAS

No. CV-13-132

| | |
|---|---|
| JESSIE HILL<br>    APPELLANT<br><br>v.<br><br>STATE OF ARKANSAS<br>    APPELLEE | **Opinion Delivered**    October 10, 2013<br><br>PRO SE MOTION TO FILE SUPPLEMENTAL BRIEF [JEFFERSON COUNTY CIRCUIT COURT, 35CV-12-497, HON. JODI RAINES DENNIS, JUDGE]<br><br>APPEAL DISMISSED; MOTION MOOT. |

## PER CURIAM

In 1995, appellant Jessie Hill was found guilty by a jury in the Grant County Circuit Court of capital murder and sentenced to life imprisonment without parole. We affirmed. *Hill v. State*, 325 Ark. 419, 931 S.W.2d 64 (1996). Appellant subsequently pursued various unsuccessful postconviction remedies.[1]

On August 31, 2012, appellant filed in the Jefferson County Circuit Court, the county

---

[1] *See Hill v. State*, CR-05-834 (Ark. May 18, 2006) (unpublished per curiam) (affirming the denial of a petition for writ of habeas corpus pursuant to Act 1780 of 2001); *Hill v. State*, CR-96-270 (Ark. Mar. 13, 2008) (unpublished per curiam) (denying appellant's petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis); *Hill v. State*, 2009 Ark. 196 (unpublished per curiam) (dismissing appeal from order denying multiple requests for scientific testing of evidence pursuant to Act 1780 of 2001); *Hill v. State*, 2010 Ark. 102 (per curiam) (dismissing appeal from order denying multiple requests for issuance of a writ of habeas corpus pursuant to Arkansas Code Annotated section 16-112-103(a) (Repl. 2006) and for scientific testing of evidence pursuant to Act 1780); *Hill v. State*, 2012 Ark. 204 (per curiam) (dismissing appeal from order denying motion to vacate judgment under Act 1780); *Hill v. State*, 2012 Ark. 309 (per curiam) (denying appellant's motion to introduce newly discovered evidence).

SLIP OPINION

in which he was incarcerated,[2] a pleading entitled "Amended A.C.A. § 25-19-101, et seq., (Richard J. Gallagher); Amended Habeas Corpus A.C.A. § 16-112-103(a); Amended A.C.A. § 16-112-118(b)(1)(A)(B)(C)(D); Motion to Consolidate." Appellant subsequently filed a number of motions in the circuit court under the Arkansas Freedom of Information Act ("FOIA"), as well as a pleading, filed October 2, 2012, entitled "Habeas; A.C.A. § 16-112-103, § 16-112-109, § 16-112-113, § 16-112-118, § 16-112-122; Motion for A.C.A. § 12-12-312 Order of the Court."

The circuit court denied appellant's claims, and appellant timely lodged this appeal.[3] Now before us is appellant's motion to file a supplemental brief. Because it is clear that appellant could not prevail on appeal even if the motion were granted, we dismiss the appeal, and the motion is therefore moot. An appeal from an order that denied a petition for postconviction relief, including an appeal from an order that denied a petition for writ of habeas corpus, will not be permitted to go forward where it is clear that the appellant could not prevail. *Roberson v. State*, 2013 Ark. 75 (per curiam). In appeals of postconviction proceedings, we will not reverse a circuit court's decision granting or denying postconviction relief unless it is clearly erroneous. *Pankau v. State*, 2013 Ark. 162. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing

---

[2]As of the date of this opinion, appellant remains incarcerated in Jefferson County.

[3]Following entry of the October 29, 2012 order denying appellant's requests for relief, appellant filed additional pleadings in the circuit court, including a FOIA request directed to Richard Gallagher, the Custodian of Records for the Arkansas State Crime Laboratory, as well as motions for default judgment, for reconsideration, for a more definite order, and for Hon. Jodi Raines Dennis's recusal from all proceedings related to appellant's case. However, the record does not reflect that appellant obtained rulings on these pleadings.

SLIP OPINION

the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id*.

The petitions, filed August 31 and October 2, were treated as petitions for writ of habeas corpus and denied on the grounds that appellant failed to allege the facial invalidity of the judgment-and-commitment order or that the Grant County Circuit Court acted outside of its jurisdiction. The circuit court further found that appellant failed to present any evidence establishing probable cause that he was being illegally detained. We agree that appellant stated no basis to support issuance of the writ.

A writ of habeas corpus is only proper when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Girley v. Hobbs*, 2012 Ark. 447 (per curiam); *Abernathy v. Norris*, 2011 Ark. 335 (per curiam). The burden is on the petitioner in a habeas-corpus petition to establish that the circuit court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). Under our statute, a petitioner who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity or the lack of jurisdiction by the circuit court and must additionally make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1); *Murphy v. State*, 2013 Ark. 155 (per curiam); *Murry v. Hobbs*, 2013 Ark. 64 (per curiam). Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the court's inquiry into the validity of the judgment is



limited to the face of the commitment order. *Murphy*, 2013 Ark. 155.

In support of issuance of the writ, appellant raised allegations of prosecutorial and police misconduct, ineffective assistance of counsel and denial of access to effective assistance of counsel, due-process and equal-protection violations, sufficiency of the evidence to sustain his conviction, and various trial errors. Such claims are not cognizable in a habeas proceeding because they do not call into question the jurisdiction of the circuit court or the facial validity of the judgment-and-commitment order. *Murphy*, 2013 Ark. 155 (ineffective-assistance-of-counsel claims are not cognizable in a habeas proceeding); *McHaney v. Hobbs*, 2012 Ark. 361 (per curiam) (due-process allegations are not cognizable in a habeas proceeding); *Craig v. Hobbs*, 2012 Ark. 218 (per curiam) (challenges to the sufficiency of the evidence and admissibility of evidence are not cognizable in a habeas proceeding); *Tryon v. Hobbs*, 2011 Ark. 76 (per curiam) (due process and prosecutorial misconduct are matters of trial error and are not cognizable in a habeas proceeding).

Because appellant failed to show that the circuit court lacked jurisdiction or that the commitment was invalid on its face, there was no basis for a finding that a writ of habeas corpus should issue. *See Friend v. Norris*, 364 Ark. 315, 219 S.W.3d 123 (2005) (per curiam). A habeas proceeding does not afford a prisoner an opportunity to retry his case. *Tarkington v. Norris*, 2012 Ark. 147 (per curiam). Appellant's allegations were, or should have been, raised and argued at trial, on direct appeal, or in a timely petition for postconviction relief.

Appellant also alleged actual innocence and asserted that results of fingerprint analyses performed on the murder weapon and on the trunk of the vehicle in which the victim was

placed would reveal his innocence. A petitioner asserting the right to be released on a writ of habeas corpus on the ground of actual innocence must proceed under Act 1780 of 2001, codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006), and the petition must be filed in the court in which the conviction was entered. Appellant did not invoke Act 1780 in his petition.

In the remaining pleadings filed in the circuit court, appellant alleged that Richard Gallagher, the Custodian of Records for the Arkansas State Crime Laboratory, failed to comply with his FOIA requests, in which he requested copies of the results of the fingerprint analyses performed on the murder weapon and on the trunk of the vehicle in which the victim was placed. Appellant requested that the circuit court issue a subpoena and an order requiring Gallagher to provide copies of the requested documents, issue an arrest warrant for Gallagher, schedule a hearing on the matter, and issue an order requiring appellant's presence at the requested hearing.

We have previously addressed appellant's claims that he is entitled to copies of the fingerprint analyses in *Hill*, 2012 Ark. 309. There, we explained that the FOIA does not require a court to provide photocopying at public expense and that, to demonstrate entitlement to photocopying at public expense, the burden is on the petitioner to establish some compelling need for certain documentary evidence to support an allegation contained in a timely postconviction petition. *Id.* (citing *Avery v. State*, 2009 Ark. 528 (per curiam)). As was the case before, appellant has not demonstrated a compelling need for the requested documents to be provided to him at public expense. We further note that appellant's request

for information was not denied. Rather, the exhibits appended to appellant's pleadings indicate that Gallagher deferred to the prosecuting attorney on the issue of access to the requested documents, and the prosecuting attorney responded to appellant that, while he could not guarantee that the requested information was included, the case file would be made available for inspection and copying during normal business hours.

Appeal dismissed; motion moot.