

# SUPREME COURT OF ARKANSAS

**No.** CV-13-987

|  |  |
|---|---|
| MICHAEL GREEN | **Opinion Delivered** January 23, 2014 |
| APPELLANT | PRO SE APPELLANT'S MOTION FOR EXTENSION OF TIME TO FILE BRIEF [LEE COUNTY CIRCUIT COURT, 39CV-13-106] |
| v. | |
| STATE OF ARKANSAS | HONORABLE RICHARD L. PROCTOR, JUDGE |
| APPELLEE | APPEAL DISMISSED; MOTION MOOT. |

## PER CURIAM

In 2009, appellant Michael Green was found guilty by a jury of possession of a controlled substance with intent to deliver. He was sentenced as a habitual offender to a term of 720 months' imprisonment. The Arkansas Court of Appeals affirmed. *Green v. State*, 2010 Ark. App. 151.

In 2013, appellant, who was incarcerated at a unit of the Arkansas Department of Correction located in Lee County, filed a pro se petition for writ of habeas corpus in the Lee County Circuit Court.[1] In the petition, he contended that he was subjected to an illegal search and seizure of evidence and an illegal arrest and that there was insufficient evidence to sustain the judgment as revealed in contradictory testimony of witnesses at his trial. The circuit court denied the habeas petition, and appellant lodged an appeal of that order in this court. Now before us is appellant's motion for extension of time to file his brief-in-chief.

---

[1]As of the date of this opinion, appellant remains incarcerated in Lee County.

SLIP OPINION

We dismiss the appeal, and the motion is moot inasmuch as it is clear from the record that appellant could not prevail on appeal. An appeal of the denial of postconviction relief, including an appeal from an order that denied a petition for writ of habeas corpus, will not be permitted to go forward where it is clear that the appeal is without merit. *Glaze v. Hobbs*, 2013 Ark. 458 (per curiam); *Lukach v. State*, 369 Ark. 475, 255 S.W.3d 832 (2007) (per curiam).

A writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Glaze*, 2013 Ark. 458; *Abernathy v. Norris*, 2011 Ark. 335 (per curiam); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the judgment-and-commitment order was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing by affidavit or other evidence [of] probable cause to believe" that he is illegally detained. *Id.* at 221, 226 S.W.3d at 798.

The allegations raised by appellant constituted claims of error and insufficiency of the evidence that could have been, or were, raised at trial. The allegations did not call into question the trial court's jurisdiction or the facial validity of the judgment-and-commitment order entered in appellant's case. *See Daniels v. Hobbs*, 2011 Ark. 192 (per curiam) (holding that allegations of an illegal search and insufficiency of the evidence were not grounds for issuance of the writ).

This court has specifically held that a court's jurisdiction to try an accused does not depend upon the validity of an arrest. *Robertson v. State*, 2013 Ark. 75 (per curiam); *Singleton v.*

SLIP OPINION

*State*, 256 Ark. 756, 510 S.W.2d 283 (1974). An illegal arrest, standing alone, does not vitiate a valid conviction. *Biggers v. State*, 317 Ark. 414, 878 S.W.2d 717 (1994). Issues related to the validity of appellant's arrest are factual issues that should have been addressed in the trial court. *See Grimes v. State*, 2010 Ark. 97. Likewise, the issue of the admissibility of evidence obtained incident to a search is not a ground for relief in a habeas proceeding. *Nelson v. Norris*, 2013 Ark. 333 (per curiam).

Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Bliss v. Hobbs*, 2012 Ark. 315 (per curiam); *Culbertson v. State*, 2012 Ark. 112 (per curiam). Appellant offered nothing to demonstrate that the trial court in his case did not have subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Culbertson*, 2012 Ark. 112. We will treat allegations of void or illegal sentences similarly to the way that we treat problems of subject-matter jurisdiction. *Friend v. State*, 364 Ark. 315, 219 S.W.3d 123 (2005) (citing *Taylor v. State*, 354 Ark. 450, 125 S.W.3d 174 (2003)). However, a habeas-corpus proceeding does not afford a prisoner an opportunity to retry his case, and it is not a substitute for direct appeal or postconviction relief. *Bliss*, 2012 Ark. 315; *Van v. Hobbs*, 2011 Ark. 287 (per curiam); *Meny v. Norris*, 340 Ark. 418, 420, 13 S.W.3d 143, 144 (2000).

To the extent that the claims raised by appellant could have been construed as claims that he was denied effective assistance of counsel for failure to properly address the issues at trial, allegations of ineffective assistance of counsel are not cognizable in a habeas proceeding. *Rodgers v. State*, 2011 Ark. 443 (per curiam); *Willis v. State*, 2011 Ark. 312; *Tryon v. State*, 2011 Ark. 76 (per curiam); *Grimes v. State*, 2010 Ark. 97 (per curiam). Claims concerning counsel's effectiveness

SLIP OPINION

are properly raised pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013). *Rodgers*, 2011 Ark. 443; *Christopher v. Hobbs*, 2011 Ark. 399 (per curiam); *Moore v. State*, 2010 Ark. 380; *Hill v. Norris*, 2010 Ark. 287 (per curiam). A petition for writ of habeas corpus is not a substitute for proceeding under Rule 37.1. *Rodgers*, 2011 Ark. 443; *Tryon*, 2011 Ark. 76; *see also Johnson v. Hobbs*, 2010 Ark. 459 (per curiam); *Rickenbacker v. Norris*, 361 Ark. 291, 206 S.W.3d 220 (2005).

When a petitioner in a habeas proceeding fails to raise a claim within the purview of a habeas action, the petitioner fails to meet his burden of demonstrating a basis for a writ of habeas corpus to issue. *Benton v. Hobbs*, 2013 Ark. 385 (per curiam); *Henderson v. White*, 2011 Ark. 361 (per curiam). Appellant clearly did not meet his burden, and, therefore, he could not prevail on appeal. *See Glaze*, 2013 Ark. 458; *see also Douthitt v. State*, 2011 Ark. 416 (per curiam).

Appeal dismissed; motion moot.

*Michael Green*, pro se appellant.

No response.