SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CV-13-512

| | | |
|---|---|---|
| JIMMY L. FROST | APPELLANT | **Opinion Delivered** January 30, 2014 |
| V. | | PRO SE MOTION FOR APPOINTMENT OF COUNSEL; MOTION FOR EXTENSION OF TIME TO FILE BRIEF; MOTION TO DISMISS MOTION FOR EXTENSION TO FILE BRIEF; SECOND MOTION FOR EXTENSION OF TIME TO FILE BRIEF [ LEE COUNTY CIRCUIT COURT, NO. 30CV-13-55] |
| STATE OF ARKANSAS | APPELLEE | |
| | | HONORABLE L.T. SIMES, JUDGE |
| | | APPEAL DISMISSED; MOTIONS MOOT. |

## PER CURIAM

In 2008, appellant Jimmy Lee Frost was found guilty by a jury of attempted first-degree murder, committing a terroristic act, and being a felon in possession of a firearm. He was sentenced as a habitual offender to 276 months' imprisonment. The Arkansas Court of Appeals affirmed. *Frost v. State*, 2010 Ark. App. 163.

In 2013, appellant filed in the Lee County Circuit Court, the county in which he is incarcerated, a pro se petition for writ of habeas corpus.[1] The circuit court denied the petition by written order, and appellant timely filed a notice of appeal from that order. Now before us are appellant's motions for appointment of counsel, for extension of time to file brief, and to

---

[1]As of the date of this opinion, appellant remains incarcerated in Lee County.

dismiss motion for extension to file brief, as well as a second motion for extension of time to file brief.

We dismiss the appeal, and the motions are moot as it is clear from the record that appellant could not prevail on appeal. An appeal of the denial of postconviction relief, including an appeal from an order that denied a petition for habeas corpus, will not be permitted to go forward where it is clear that the appeal is without merit. *Glaze v. State*, 2013 Ark. 458 (per curiam).

The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Culbertson v. State*, 2012 Ark. 112 (per curiam). Under our statute, a petitioner who does not allege actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must additionally make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); *Darrough v. State*, 2013 Ark. 28 (per curiam). A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Justus v. Hobbs*, 2013 Ark. 149 (per curiam).

In the petition, appellant apparently contended that the trial court acted without authority and in violation of the state and federal constitutions by modifying the sentence recommended by the jury to add a consecutive sentence for the firearm enhancement.[2] Without even reaching

_____

[2]In the petition, appellant also stated that he was sentenced as a habitual offender; however, he provided no argument as to why he was entitled to habeas relief based on the use of this enhancement.

SLIP OPINION

the merits of appellant's argument, we dismiss the appeal as appellant could not prevail because his claim is based on errors of fact. According to the trial record, the jury fixed appellant's sentence at a term of 276 months' imprisonment for attempted first-degree murder, a term of 120 months' imprisonment for committing a terroristic act, and a term of 120 months' imprisonment for being a felon in possession of a firearm, with the recommendation that none of the terms of imprisonment be served consecutively. From the bench, the trial court then ordered the sentence as fixed by the jury, including an order that the sentences run concurrently. The judgment-and-commitment order reflects the sentence fixed by the jury and ordered by the trial court.

Appeal dismissed; motions moot.

*Jimmy L. Frost*, pro se appellant.

No response.