

# SUPREME COURT OF ARKANSAS

**No.** CR-13-797

| | |
|---|---|
| CHARLES EDWARD JONES **APPELLANT** <br><br> v. <br><br> STATE OF ARKANSAS **APPELLEE** | **Opinion Delivered** February 13, 2014 <br><br> PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT AND PRO SE MOTION TO FILE BELATED REPLY BRIEF [60CR-08-1753] <br><br> HONORABLE HERBERT T. WRIGHT, JR., JUDGE <br><br> <u>AFFIRMED; MOTION MOOT</u>. |

**PER CURIAM**

In 2009, appellant Charles Edward Jones was found guilty by a jury in the Pulaski County Circuit Court of four counts of rape. He was sentenced to four consecutive terms of 480 months' imprisonment. The Arkansas Court of Appeals affirmed. *Jones v. State*, 2010 Ark. App. 324.

In 2013, appellant, who was incarcerated at a unit of the Arkansas Department of Correction in Pulaski County, filed a pro se petition for writ of habeas corpus in the trial court under the docket number for the criminal case.[1] The trial court denied the petition, and

---

[1]A petition for writ of habeas corpus is properly addressed to the circuit court in the county in which the petitioner is held in custody, unless the petition is filed pursuant to Act 1780 of 2001, as amended by Act 2250 of 2005 and codified as Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006). *Borum v. State*, 2011 Ark. 415 (per curiam). Arkansas Code Annotated section 16-112-105 requires that certain procedural requirements be met by a petitioner asking a court to issue a writ of habeas corpus. The writ must be directed to the person in whose custody the prisoner is detained. *Id.* Additionally, the writ should be issued by a court that has personal jurisdiction over the defendant. *Wilencewicz v. Hobbs*, 2012 Ark. 230 (per curiam). While such petitions are generally filed as civil proceedings, the petitioner here was both convicted in the Pulaski County Circuit Court and incarcerated within the jurisdiction of

SLIP OPINION

appellant brings this appeal. The order is affirmed as the petition did not state a basis for the writ to issue. Appellant has filed a motion to file a belated reply brief. As there was no merit to the petition for writ of habeas corpus, the motion is moot and will not be considered.

In the petition, appellant raised the following grounds for issuance of the writ: there was no probable cause for the arrest warrant issued in his case; the felony information did not advise him of the charges; unsworn and unsigned affidavits were utilized in the pretrial proceedings; he was denied due process and equal protection of law. A writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a circuit court lacked jurisdiction over the cause. *Meadows v. Hobbs*, 2013 Ark. 440 (per curiam); *Burgie v. Hobbs*, 2013 Ark. 360 (per curiam); *Abernathy v. Norris*, 2011 Ark. 335 (per curiam); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing by affidavit or other evidence [of] probable cause to believe" that he is illegally detained. *Id.* at 221, 226 S.W.3d at 798–99.

None of the allegations raised by appellant called into question the trial court's jurisdiction or the facial validity of the judgment-and-commitment order. Assertions of trial error, including claims pertaining to due process and equal protection, are not sufficient to implicate the facial validity of the judgment or the jurisdiction of the trial court. *Hill v. State*,

that court.

2013 Ark. 413 (per curiam); *see also Smith v. Smith*, 2013 Ark. 481 (per curiam) (Due process claims are not cognizable in a habeas proceeding.); *Bliss v. Hobbs*, 2012 Ark. 315 (per curiam); *McHaney v. Hobbs*, 2012 Ark. 361 (per curiam); *Craig v. Hobbs*, 2012 Ark. 218 (per curiam) (Attacks on the sufficiency of the evidence and the admissibility of evidence are not cognizable in a habeas proceeding.).

This court has specifically held that a court's jurisdiction to try an accused does not depend upon the validity of an arrest. *Roberson v. State*, 2013 Ark. 75 (per curiam); *Singleton v. State*, 256 Ark. 756, 510 S.W.2d 283 (1974). An illegal arrest, standing alone, does not vitiate a valid conviction. *Biggers v. State*, 317 Ark. 414, 878 S.W.2d 717 (1994). Issues related to the validity of appellant's arrest are factual issues that should have been addressed in the trial court. *See Grimes v. State*, 2010 Ark. 97.

Likewise, with respect to the sufficiency of the felony information, we have consistently held that the proper time to object to the form or sufficiency of a charging instrument is prior to trial. *Murry v. Hobbs*, 2013 Ark. 29 (per curiam); *see also Davis v. State*, 2011 Ark. 88 (per curiam); *Prince v. State*, 304 Ark. 692, 805 S.W.2d 46 (1991); *England v. State*, 234 Ark. 421, 352 S.W.2d 582 (1962). We have declined to review the sufficiency of an information on appeal when there was no proper objection in the court below. *Prince*, 304 Ark. 692, 805 S.W.2d 46. If we considered the issue to be jurisdictional, we could have overlooked the failure to object and reversed the conviction, if necessary, on our own motion. *See Jones v. State*, 297 Ark. 485, 763 S.W.2d 81 (1989). Accordingly, appellant here did not establish that the trial court lacked jurisdiction by virtue of a defective information.

Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Bliss*, 2012 Ark. 315; *Culbertson v. State*, 2012 Ark. 112 (per curiam). A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Culbertson*, 2012 Ark. 112. Mere trial error does not deprive a court of jurisdiction. *Id*; *Tryon v. Hobbs*, 2011 Ark. 76 (per curiam). It is true that we will treat allegations of void or illegal sentences similarly to the way that we treat problems of subject-matter jurisdiction. *Friend v. State*, 364 Ark. 315, 219 S.W.3d 123 (2005) (per curiam) (citing *Taylor v. State*, 354 Ark. 450, 125 S.W.3d 174 (2003)). However, a habeas-corpus proceeding does not afford a prisoner an opportunity to retry his case, and, again, it is not a substitute for direct appeal or postconviction relief. *Meny v. Norris*, 340 Ark. 418, 420, 13 S.W.3d 143, 144 (2000) (per curiam). Appellant's allegations could have been settled in the trial court, on direct appeal, or in a timely filed postconviction proceeding. A habeas-corpus proceeding does not afford a prisoner a means to revisit the merits of matters that could have been addressed in the trial court, on appeal, or in a postconviction proceeding. *See Smith v. Hobbs*, 2013 Ark. 400 (per curiam). When a petitioner in a habeas proceeding failed to raise a claim within the purview of a habeas action, the petitioner failed to meet his burden of demonstrating a basis for a writ of habeas corpus to issue. *Fuller v. State*, 2012 Ark. 376 (per curiam); *Rodgers v. State*, 2011 Ark. 443 (per curiam). Appellant fell far short of meeting that burden, and the trial court did not err in denying the petition.

Affirmed; motion moot.

*Charles Edward Jones, Sr.*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *LeaAnn J. Adams*, Ass't Att'y Gen., for appellee.