

# SUPREME COURT OF ARKANSAS

No. CV-12-982

| | | |
|---|---|---|
| | | **Opinion Delivered**   March 20, 2014 |
| RICHARD DAVIS | **APPELLANT** | PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT [NO. 39CV-12-64] |
| v. | | |
| STATE OF ARKANSAS | | HONORABLE JODI RAINES DENNIS, JUDGE |
| | **APPELLEE** | AFFIRMED. |

## PER CURIAM

In 1988, appellant Richard Davis was convicted by a jury of capital murder, aggravated robbery, and theft of property. He was sentenced to life imprisonment without parole, life imprisonment, and thirty years' imprisonment, respectively. No appeal was taken from the judgment.

In 1990, appellant filed in the trial court a petition for postconviction relief, challenging the convictions for aggravated robbery and theft of property as being in violation of the constitutional provision forbidding double jeopardy on the ground that those convictions were lesser-included offenses of capital murder. He also argued that the evidence to sustain the conviction for capital murder was insufficient. The petition was granted with respect to the double-jeopardy claim, and the convictions for aggravated robbery and theft of property were set aside in an order entered January 29, 1991.

In 2000, appellant filed in this court a motion for belated appeal of the original judgment of conviction entered in 1988 that was denied as untimely filed. *Davis v. State*, CR-00-899 (Ark. Jan. 18, 2001) (unpublished per curiam). In 2004, appellant filed a motion for belated appeal of

SLIP OPINION

the January 29, 1991 order. The motion was dismissed. *Davis v. State*, CR-04-85 (Ark. Mar. 4, 2004) (unpublished per curiam). We denied appellant's motion for reconsideration. *Davis v. State*, CR-04-85 (Ark. May 27, 2004) (unpublished per curiam).

For a reason not evident from the record in the postconviction proceedings, an amended judgment was entered in the trial court on March 11, 2005, reflecting the modifications in the judgment made in 1991. Appellant then sought a belated appeal of the amended judgment, which was denied. *Davis v. State*, CR-05-632 (Ark. Jun. 30, 2005) (unpublished per curiam). Reconsideration of that decision was denied. *Davis v. State*, CR-05-632 (Ark. Oct. 20, 2005) (unpublished per curiam).

In 2012, appellant, who was incarcerated at a unit of the Arkansas Department of Correction located in Lincoln County, filed a pro se petition for writ of habeas corpus in the Lincoln County Circuit Court.[1] In the petition for writ of habeas corpus, appellant contended the following: he was denied effective assistance of counsel at trial and on direct appeal; his statement to the police should have been suppressed because he was not promptly afforded a first appearance before the court; the identification of him by a witness as the perpetrator of the offenses was tainted and should not have been admitted into evidence; the trial court lacked jurisdiction to amend the judgment after it had been put into execution; he was not promptly provided with a copy of the amended judgment. The circuit court denied the petition, and appellant brings this appeal.

A writ of habeas corpus is proper only when a judgment of conviction is invalid on its

---

[1]As of the date of this opinion, appellant remains incarcerated in Lincoln County.

face or when a trial court lacked jurisdiction over the cause. *Davis v. Hobbs*, 2014 Ark. 45 (per curiam); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). The petitioner must plead either the facial invalidity of the judgment or the lack of jurisdiction and make a "showing by affidavit or other evidence [of] probable cause to believe" that he is illegally detained. *Id.* at 221, 226 S.W.3d at 798.

On appeal, appellant raises the same grounds for relief that he raised in his petition. We will not reverse a circuit court's decision granting or denying a petition for writ of habeas corpus unless the decision was clearly erroneous. *Frost v. State*, 2014 Ark. 46 (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Tolefree v. State*, 2014 Ark. 26 (per curiam) (citing *Hill v. State*, 2013 Ark. 413 (per curiam)).

Appellant's claims of ineffective assistance of counsel were not cognizable in a habeas proceeding. *Green v. State*, 2014 Ark. 30 (per curiam); *Rodgers v. State*, 2011 Ark. 443 (per curiam); *Willis v. State*, 2011 Ark. 312; *Tryon v. State*, 2011 Ark. 76 (per curiam); *Grimes v. State*, 2010 Ark. 97 (per curiam). Any allegation appellant desired to raise concerning counsel's effectiveness should have been raised in a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (1988). *See Green*, 2014 Ark. 30; *see also Rodgers*, 2011 Ark. 443;



*Christopher v. Hobbs*, 2011 Ark. 399 (per curiam). A petition for writ of habeas corpus is not a substitute for proceeding under the Rule. *Rodgers*, 2011 Ark. 443; *Rickenbacker v. Norris*, 361 Ark. 291, 206 S.W.3d 220 (2005) (per curiam).

With respect to the claims of trial error raised by appellant, assertions of trial error, including claims pertaining to due process, are not sufficient to implicate the facial validity of the judgment or the jurisdiction of the trial court. *Jones v. State*, 2014 Ark. 67 (per curiam); *Hill,* 2013 Ark. 413; *see also Smith v. Smith,* 2013 Ark. 481 (per curiam) (Due process claims are not cognizable in a habeas proceeding.); *Bliss v. Hobbs,* 2012 Ark. 315 (per curiam); *McHaney v. Hobbs,* 2012 Ark. 361 (per curiam); *Craig v. Hobbs,* 2012 Ark. 218 (per curiam) (Attacks on the sufficiency of the evidence and the admissibility of evidence are not cognizable in a habeas proceeding.). A habeas-corpus proceeding does not afford a convicted defendant an opportunity to retry his case and argue issues that could have been settled at trial. *Smith v. Hobbs*, 2013 Ark. 400 (per curiam). When a petitioner in a habeas proceeding fails to establish that any constitutional or procedural violations implicated the jurisdiction of the trial court or rendered the judgment-and-commitment order invalid on its face, the petitioner has not stated a basis for the writ to issue. *See Daniels v. Hobbs*, 2011 Ark. 192 (per curiam).

The sole allegation raised by appellant that could be considered as grounds for the writ was the assertion that the trial court lacked jurisdiction because it entered an amended judgment. The amended judgment, however, was simply an amendment to remove the convictions for aggravated robbery and theft of property. It did not alter the conviction for capital murder after it had been put into execution. Jurisdiction is the power of the court to hear and determine the

SLIP OPINION

subject matter in controversy. *Glaze v. Hobbs*, 2013 Ark. 458 (per curiam) (citing *Bliss v. Hobbs*, 2012 Ark. 315)); *Culbertson v. State*, 2012 Ark. 112 (per curiam). Appellant offered nothing to demonstrate that the trial court in his case did not have subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes, and he failed to show that the court was without jurisdiction to enter the amended order.

Because appellant's petition did not establish the facial invalidity of the judgment or demonstrate a lack of the trial court's jurisdiction, appellant did not establish a basis for a writ of habeas corpus to issue. *See Culbertson*, 2012 Ark. 112; *McHaney*, 2012 Ark. 361. Accordingly, the circuit court's order is affirmed.

Affirmed.

*Richard Davis*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.