Cite as 2014 Ark. 271

# SUPREME COURT OF ARKANSAS

No. CV-13-1152

| | |
|---|---|
| JAMIE BOWEN<br>　　　　　　　　　　APPELLANT | **Opinion Delivered** June 5, 2014 |
| V. | PRO SE APPEAL FROM THE<br>LINCOLN COUNTY CIRCUIT COURT<br>AND MOTION FOR APPOINTMENT<br>OF COUNSEL |
| RAY HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>　　　　　　　　　　APPELLEE | [NO. 40CV-13-88]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br>ORDER AFFIRMED; MOTION FOR<br>APPONTMENT OF COUNSEL MOOT. |

**PER CURIAM**

In 1999, appellant Jamie Bowen was found guilty by a jury of first-degree murder and sentenced to life imprisonment. This court affirmed. *Bowen v. State*, 342 Ark. 581, 30 S.W.3d 86 (2000). Appellant was seventeen years old when he committed the crime.

On July 29, 2013, appellant filed in the Lincoln County Circuit Court, the county in which he is incarcerated, a pro se petition for writ of habeas corpus.[1] In the petition, appellant argued that his sentence was illegal because he was sentenced to life imprisonment for a crime committed while he was a juvenile without any consideration of his youth. He also contended that he was entitled to relief based on ineffective assistance of counsel. The circuit court dismissed the petition by written order, and appellant has lodged an appeal from the order. Appellant has also filed a motion for appointment of counsel. Both appellant and the State have

---

[1]As of the date of this opinion, appellant remains incarcerated in Lincoln County.

filed timely briefs. As it is clear from the record and the filed briefs that appellant could not prevail if the appeal were permitted to go forward, the order is affirmed, and the motion is moot.

The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Britt v. State*, 2014 Ark. 134 (per curiam); *Culbertson v. State*, 2012 Ark. 112 (per curiam). Under our statute, a petitioner who does not allege actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must additionally make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); *Darrough v. State*, 2013 Ark. 28 (per curiam). A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Justus v. Hobbs*, 2013 Ark. 149 (per curiam).

Citing *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455 (2012) and attempting to distinguish this court's holding in *Murry v. Hobbs*, 2013 Ark. 64 (per curiam), appellant argues on appeal that his sentence is illegal because, although he was a juvenile when he committed the crime for which he was convicted, first-degree murder, there was no mitigating evidence regarding his youth considered by the jury at sentencing and no such evidence was required to be introduced based on the sentencing scheme in place. In support of his argument, appellant contends that there were no instructions given to the jury regarding consideration of his youth, there was no evidence regarding his youth presented to the jury, there were no forms for the jury to complete for their consideration of mitigating and aggravating circumstances, and there were no "statutory questions" for the trial judge to utilize in making his "written findings."

In *Miller*, ___ U.S. ___, 132 S. Ct. 2455, the United States Supreme Court held that the Eighth Amendment's protections against cruel and unusual punishment forbid a sentencing scheme that mandates life in prison without the possibility of parole for juvenile homicide offenders. *Miller* is applicable when a mandatory life sentence is imposed.

However, appellant was charged and convicted of first-degree murder pursuant to Arkansas Code Annotated section 5-1-102 (Repl. 1993). Murder in the first degree is a Class Y felony, which is punishable by "not less than ten (10) years and not more than forty (40) years, or life." Ark. Code Ann. § 5-4-401(a)(1) (Repl. 1993).[2] At trial, the jury was authorized to sentence appellant to any term within that range. *See* Ark. Code Ann. § 5-4-104(c)(1) (Repl. 1993).

This court has held that when, after deliberation, a jury imposed a juvenile offender's life sentence for first-degree murder from a range of possible punishments, the life sentence was not mandatory and, thus, not illegal under *Miller*, ___ U.S. ___, 132 S. Ct. 2455. *Britt*, 2014 Ark. 134; *Hobbs v. Turner*, 2014 Ark. 19, ___ S.W.3d ___; *Murry*, 2013 Ark. 64. Most recently, in *Smith v. State*, 2014 Ark. 204, this court recognized that *Miller* was not applicable when the appellant, who had been convicted of first-degree murder, did not face a mandatory sentence but, rather, was sentenced to life imprisonment as a juvenile pursuant to a discretionary sentencing range. Here, appellant's life sentence for first-degree murder imposed following a jury trial was not mandatory

---

[2] A life sentence in Arkansas generally means life without the possibility of parole. *Hobbs v. Turner*, 2014 Ark. 19, ___ S.W.3d ___; *see* Ark. Code Ann. § 16-93-614(c)(1)(B) (Supp. 2013) (stating that inmates sentenced to life for offenses committed after January 1, 1994, are not eligible for transfer to community corrections unless the sentence is commuted to a term of years by executive clemency).

and his sentence is therefore not illegal under *Miller*. Accordingly, we affirm the circuit court's denial of the petition for writ of habeas corpus based on the allegation of an illegal sentence.

Appellant also argues that he is entitled to habeas relief based on claims of ineffective assistance of counsel. Appellant's claims of ineffective assistance of counsel are not cognizable in a habeas proceeding. *Davis v. State*, 2014 Ark. 128 (per curiam); *Green v. State*, 2014 Ark. 30 (per curiam). Any allegation appellant desired to raise concerning counsel's effectiveness should have been raised in a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (1999). *Davis*, 2014 Ark. 128. A petition for writ of habeas corpus is not a substitute for proceeding under the Rule. *Rodgers v. Hobbs*, 2011 Ark. 443 (per curiam); *Rickenbacker v. Norris*, 361 Ark. 291, 206 S.W.3d 220 (2005) (per curiam).

Order affirmed; motion for appointment of counsel moot.

*Jamie Bowen*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., and *Lindsay S. Bridges*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.