SLIP OPINION

Cite as 2014 Ark. 328

# SUPREME COURT OF ARKANSAS

No. CV-13-50

| | |
|---|---|
| EARNEST BROWN<br><br>APPELLANT<br><br>V.<br><br><br>RAY HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>APPELLEE | **Opinion Delivered** July 31, 2014<br><br>PRO SE APPEAL FROM THE<br>JEFFERSON COUNTY CIRCUIT<br>COURT<br>[NO. 35CV-12-442]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br><u>AFFIRMED</u>. |

**PER CURIAM**

Appellant Earnest Brown, also known as Ernest Brown, appeals an order of the Jefferson County Circuit Court dismissing his pro se petition for writ of habeas corpus for failure to state a claim upon which relief could be granted.[1] In the petition, appellant challenged the facial validity of a 2009 judgment-and-commitment order filed in the Crittenden County Circuit Court. Specifically, appellant contended that he entered a plea of guilty to aggravated robbery; that, according to his understanding of the plea agreement, he would be eligible for release after serving three-and-a-half years; and that "through clerical error and lawyer error it was not enter [sic] into records properly."[2]

---

[1]As of the date of this opinion, appellant remains incarcerated at a facility of the Arkansas Department of Correction located in Jefferson County.

[2]Appellant did not attach a copy of the judgment-and-commitment order or plea agreement to the petition, and the documents are therefore not a part of the record. A copy of both are included in appellant's addendum; however, this court will not receive testimony or consider anything outside the record below. *Lowe v. State*, 2012 Ark. 185, 423 S.W.3d 6 (per curiam).

On appeal, appellant argues that a time-computation card issued to him by the Arkansas Department of Correction reflects a release date that does not coincide with the terms of his plea agreement. Appellant alleges that trial counsel informed him that, in exchange for his guilty plea to the charge of aggravated robbery, he would receive a sentence of fifteen years' imprisonment with suspended imposition of ten years and that he would be eligible for parole after serving one-half of the time imposed with credit for meritorious good time. According to appellant, the time-computation card is incorrect in that it indicates that he is not eligible for parole pursuant to Act 1805 of 2001, codified at Arkansas Code Annotated section 16-93-609 (Repl. 2006).[3]

A writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Girley v. Hobbs*, 2012 Ark. 447 (per curiam); *Abernathy v. Norris*, 2011 Ark. 335 (per curiam). The burden is on the petitioner in a habeas-corpus petition to establish that the circuit court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). Under our statute, a petitioner who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity or the lack of jurisdiction

---

[3]Section 16-93-609 provides in relevant part that "[a]ny person who commits a violent felony offense . . . subsequent to August 13, 2001, and who has previously been found guilty of or pleaded guilty or nolo contendere to any violent felony offense . . . shall not be eligible for release on parole by the board." Appellant attached to the petition for writ of habeas corpus two judgments from the Criminal Court of Shelby County, Tennessee—one judgment reflecting that a charge of criminal attempt carjacking was nolle prossed and another judgment reflecting that appellant pled guilty to the charge of criminal attempt kidnapping. For purposes of section 16-93-609, aggravated robbery and attempt to commit kidnapping constitute violent felony offenses. Ark. Code Ann. §§ 16-93-609(b)(2); 5-4-501(d)(2)(A)(iv), (xiv)(d).

by the circuit court and must additionally make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1); *Murphy v. State*, 2013 Ark. 155 (per curiam).

Even assuming that appellant's claims are true, it is clear that such arguments are not cognizable in a petition for writ of habeas corpus. Habeas-corpus relief in state court is generally unavailable for challenging matters of parole eligibility. *Robertson v. Hobbs*, 2011 Ark. 313 (per curiam) (citing *Blevins v. Norris*, 291 Ark. 70, 722 S.W.2d 573 (1987) (holding that a petition for writ of habeas corpus is not the proper remedy to challenge the calculation of parole eligibility)). In the instant case, appellant does not contend that the trial court lacked jurisdiction or that the judgment-and-commitment order is facially invalid. In fact, appellant concedes that the judgment-and-commitment order correctly reflects the sentence to which he agreed. Nor does appellant contend that section 16-93-609 is not applicable to his underlying sentence; rather, appellant's allegations are premised on the claim that the application of section 16-93-609 to his sentence is contrary to his understanding of the terms of his plea agreement. To the extent that appellant alleges that his attorney should have informed him about the applicable parole-eligibility statute, such a claim is tantamount to an allegation of ineffective assistance of counsel and is also not cognizable in a habeas proceeding. *Bowen v. Hobbs*, 2014 Ark. 271 (per curiam) (holding that a petition for writ of habeas corpus is not a substitute for proceeding under Arkansas Rule of Criminal Procedure 37.1).

Affirmed.

*Earnest Brown*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.