SLIP OPINION

Cite as 2014 Ark. 463

# SUPREME COURT OF ARKANSAS

No. CV-13-1026

|  |  |  |
|---|---|---|
| RICHARD DAVIS | | **Opinion Delivered** November 6, 2014 |
| | APPELLANT | PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT [NO. 39CV-13-3] |
| v. | | |
| STATE OF ARKANSAS | | HONORABLE JODI RAINES DENNIS, JUDGE |
| | APPELLEE | <u>APPEAL DISMISSED</u>. |

## PER CURIAM

In 1988, appellant Richard Davis was convicted by a jury of capital murder, aggravated robbery, and theft of property. He was sentenced to life imprisonment without parole, life imprisonment, and thirty years' imprisonment, respectively. No appeal was taken from the judgment.

In 1990, appellant filed in the trial court a petition for postconviction relief, challenging the convictions for aggravated robbery and theft of property as being in violation of the constitutional provision forbidding double jeopardy on the ground that those convictions were lesser-included offenses of capital murder. He also argued that the evidence to sustain the conviction for capital murder was insufficient. The petition was granted with respect to the double-jeopardy claim, and the convictions for aggravated robbery and theft of property were set aside in an order entered January 29, 1991.

For a reason not evident from the record in the postconviction proceedings, an amended judgment was entered in the trial court on March 11, 2005, reflecting the modifications in the judgment made in 1991. Appellant then sought a belated appeal of the amended judgment,

SLIP OPINION

which was denied. *Davis v. State*, CR-05-632 (Ark. Jun. 30, 2005) (unpublished per curiam). Reconsideration of that decision was denied. *Davis v. State*, CR-05-632 (Ark. Oct. 20, 2005) (unpublished per curiam).

In 2012, appellant, who was incarcerated at a unit of the Arkansas Department of Correction located in Lincoln County, filed a pro se petition for writ of habeas corpus in the Lincoln County Circuit Court. The petition was denied, and we affirmed the order in 2014. *Davis v. State*, 2014 Ark. 128 (per curiam).

In 2013, appellant tendered another pro se petition for writ of habeas corpus to the Circuit Clerk of Lincoln County in which he requested that he be permitted to proceed in forma pauperis in the habeas proceeding. The request was denied on October 2, 2013, on the ground that the petition did not raise an issue cognizable in a habeas proceeding. In addition to addressing the merits of the tendered petition, the circuit court also cited *Boles v. Huckabee*, 340 Ark. 410, 12 S.W.3d 21 (2000) (per curiam), a case wherein the court denied leave to proceed in forma pauperis in a civil action for failure to state a colorable cause of action pursuant to Rule 72 of the Arkansas Rules of Civil Procedure. Appellant brings this appeal.

First, if the circuit court intended to apply the Arkansas Rules of Civil Procedure to the habeas petition, that application was error because we have we have never applied the rules of civil procedure to postconviction-relief proceedings. *See Burnley v. Norris*, 2011 Ark. 381 (per curiam) (The rules of civil procedure do not apply to habeas actions.) (citing *McArty v. State*, 364 Ark. 517, 221 S.W.3d 332 (2006) (per curiam)); *see also Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). Nevertheless, as the circuit court ruled on the merits of the petition in its order,

SLIP OPINION

there is good cause to dismiss the appeal and not permit the matter to go forward because it is clear that the circuit court was correct in its ruling on the merits. We have stated many times that an appeal of the denial of postconviction relief, including an appeal in a habeas proceeding, will not be permitted to go forward where it is clear that the appellant could not prevail. *Burnley*, 2011 Ark. 381 (citing *Pineda v. Norris*, 2009 Ark. 471 (per curiam)).

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Davis v. Hobbs*, 2014 Ark. 45 (per curiam); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). The petitioner must plead either the facial invalidity of the judgment or the lack of jurisdiction and make a "showing by affidavit or other evidence [of] probable cause to believe" that he is illegally detained. *Id.* at 221, 226 S.W.3d at 798.

The allegations in appellant's tendered petition for writ of habeas corpus did not establish that the judgment in his case was invalid on its face or that the trial court lacked jurisdiction. He first asserted that he was entitled to issuance of the writ on the ground that he was not afforded effective assistance of counsel in the trial court. Appellant's claim of ineffective assistance of counsel was not cognizable in a habeas proceeding. *Green v. State*, 2014 Ark. 30 (per curiam); *Rodgers v. State*, 2011 Ark. 443 (per curiam); *Willis v. State*, 2011 Ark. 312; *Tryon v. State*, 2011 Ark. 76 (per curiam); *Grimes v. State*, 2010 Ark. 97 (per curiam). Any allegation appellant desired to

raise concerning counsel's effectiveness should have been raised in the petition for postconviction relief he filed in 1990. *See Green*, 2014 Ark. 30; *see also Rodgers*, 2011 Ark. 443; *Christopher v. Hobbs*, 2011 Ark. 399 (per curiam).

Appellant also contended that the trial court made errors in its decisions on the admissibility of evidence and other issues raised at trial. With respect to the claims of trial error, assertions of mere trial error are not sufficient to implicate the facial validity of the judgment or the jurisdiction of the trial court. *Jones v. State*, 2014 Ark. 67 (per curiam); *Hill*, 2013 Ark. 413; *see also Smith v. Smith*, 2013 Ark. 481 (per curiam) (Due process claims are not cognizable in a habeas proceeding.); *Bliss v. Hobbs*, 2012 Ark. 315 (per curiam); *McHaney v. Hobbs*, 2012 Ark. 361 (per curiam). A habeas-corpus proceeding does not afford a convicted defendant an opportunity to retry his case and argue issues that could have been settled at trial. *Smith v. Hobbs*, 2013 Ark. 400 (per curiam).

Appellant further argued in the petition that (1) he was not properly advised of his rights under *Miranda v. Arizona*, 384 U.S. 435 (1966); (2) the felony information charging him was not valid because a deputy prosecutor signed it; (3) there was a lack of probable cause for his arrest, and a valid arrest warrant was not issued; (4) he was denied a prompt first appearance; (5) he was denied a hearing pursuant to *Jackson v. Denno*, 378 U.S. 368 (1964) to assess the voluntariness of his custodial statement. The claims could have been addressed and settled in the pretrial and trial proceedings and are not cognizable in a habeas proceeding. *See Gardner v. Hobbs*, 2014 Ark. 346, 439 S.W.3d 663 (per curiam) (The time to object to the form or sufficiency of a charging instrument is prior to trial, and the jurisdiction to try the accused does not depend on the validity

of the arrest.); *see also Norris v. State*, 2013 Ark. 205, 427 S.W.3d 627 (per curiam) (The issue of whether the deputy prosecutor had authority to sign an information is not a jurisdictional matter.); *Davis*, 2014 Ark. 128 (An allegation concerning the failure to afford the accused a prompt first appearance is not a basis for the writ.); *Murphy v. State*, 2013 Ark. 155 (per curiam) (The issue of the admissibility of a confession or statement does not implicate the facial validity of the judgment or the jurisdiction of the trial court.). To the extent that appellant may have been contending in his petition that the evidence was insufficient to sustain the judgment, attacks on the sufficiency of the evidence are also not within the purview of a habeas proceeding. *Craig v. Hobbs,* 2012 Ark. 218 (per curiam).

Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Glaze v. Hobbs*, 2013 Ark. 458 (per curiam) (citing *Bliss v. Hobbs*, 2012 Ark. 315); *Culbertson v. State*, 2012 Ark. 112 (per curiam). Appellant offered nothing in his tendered petition to demonstrate that the trial court in his case did not have subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes, and he failed to show that the trial court was without jurisdiction to enter the judgment in his case. For that reason, the tendered habeas petition was without merit, and, in the interest of judicial economy, we dismiss the appeal from the order denying the request to proceed in forma pauperis in the circuit court rather than permit the habeas petition to go forward. Even if the circuit court had granted appellant's motion and permitted the petition to be filed without paying a filing fee, the petition would have been subject to dismissal by the circuit court on the grounds set out by the court in its order. As those grounds were not clearly erroneous, and we will not reverse a circuit court's decision

SLIP OPINION

granting or denying a petition for writ of habeas corpus unless the decision was clearly erroneous, there is no good cause to permit appellant to pursue habeas relief on the grounds stated in the tendered petition. *See Frost v. State*, 2014 Ark. 46 (per curiam) (An appeal from an order in a habeas proceeding will not be reversed where the circuit court's ruling denying relief was not clearly erroneous.).

Appeal dismissed.

*Richard Alan Davis*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.