SLIP OPINION

# SUPREME COURT OF ARKANSAS

**No.** CV-14-641

| | |
|---|---|
| MORRIS DEAN DAVIS<br>APPELLANT | **Opinion Delivered** March 19, 2015 |
| V. | PRO SE APPEAL FROM THE<br>LINCOLN COUNTY CIRCUIT COURT<br>[NO. 40CV-14-11] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE JODI RAINES DENNIS,<br>JUDGE |
| | AFFIRMED. |

**PER CURIAM**

In 2013, appellant Morris Dean Davis entered a negotiated plea of nolo contendere to manslaughter, manufacture of a controlled substance, abuse of a corpse, and tampering with physical evidence. He was sentenced to an aggregate term of 384 months' imprisonment. On March 21, 2014, appellant filed a pro se petition for writ of habeas corpus in the Lincoln County Circuit Court, the county in which he was imprisoned.[1] The circuit court dismissed the petition with prejudice, and appellant has lodged an appeal of that order in this court.

As he did in his petition, appellant argues on appeal that he received ineffective assistance of counsel when entering his plea of nolo contendere. We find no ground on which to reverse the order. A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Henderson v. State*, 2014 Ark. 180 (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed.

---

[1]At the time of this decision, appellant remains incarcerated in Lincoln County.

*Bryant v. Hobbs*, 2014 Ark. 287 (per curiam).

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). Under our statute, a petitioner who does not proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity or the lack of jurisdiction by the trial court and must additionally make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); *Murphy v. State*, 2013 Ark. 155 (per curiam). Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Murphy*, 2013 Ark. 155.

Allegations of ineffective assistance of counsel are not cognizable in a habeas proceeding. *Green v. State*, 2014 Ark. 30 (per curiam). Any allegation appellant desired to raise concerning counsel's effectiveness should have been raised in a timely filed petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. *Green*, 2014 Ark. 30. A petition for writ of habeas corpus is not a substitute for proceeding under the Rule. *Rodgers v. Hobbs*, 2011 Ark. 443 (per curiam).

Because appellant did not establish the facial invalidity of the judgment or demonstrate

a lack of the trial court's jurisdiction, he did not establish a basis for a writ of habeas corpus to issue. *Culbertson v. State*, 2012 Ark. 112 (per curiam). Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Bliss v. Hobbs*, 2012 Ark. 315 (per curiam). Appellant offered nothing in his habeas petition to demonstrate that the trial court in his case did not have subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes, and he failed to establish that the judgment was invalid on its face. Accordingly, the circuit court's order is affirmed.

Affirmed.

*Morris Dean Davis*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rebecca B. Kane*, Ass't Att'y Gen., for appellee.