2011 Ark. App. 348

**Michael Ray BRYANT, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 10–1308.**

Court of Appeals of Arkansas.

May 11, 2011.

Jarrett Matthew Cobb, Harrisburg, for appellant.

Dustin McDaniel, Atty. Gen., Leaann J. Irvin, Little Rock, for appellee.

JOHN B. ROBBINS, Judge.

Appellant Michael Ray Bryant was convicted in a jury trial of manufacturing methamphetamine, possession of drug paraphernalia with intent to manufacture methamphetamine, possession of drug paraphernalia, and possession of methamphetamine. For these convictions, Mr. Bryant was sentenced to a total of fifty-nine years in prison. Mr. Bryant now appeals, arguing that there was insufficient evidence to support any of the convictions. We affirm.

The test for determining the sufficiency of the evidence is whether there is substantial evidence to support the verdict. *Sera v. State*, 341 Ark. 415, 17 S.W.3d 61 (2000). Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Id.* In reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Stone v. State*, 348 Ark. 661, 74 S.W.3d 591 (2002). In considering the evidence, we will not weigh the evidence or assess credibility, as those are questions for the finder of fact. *Woods v. State*, 363 Ark. 272, 213 S.W.3d 627 (2005).

Officer Roland Geror and Officer Danny Qualls, who is appellant's parole officer, went to appellant's house to conduct a search on the afternoon of November 30, 2007. Officer Geror testified that they knocked on the door and were greeted by appellant's wife, Sherry Bryant, and that Officer Qualls entered the residence first. Officer Geror stated that when he entered, Mr. Bryant was coming from the back of the house and Mrs. Bryant was cooking hamburger meat on the kitchen stove. Officer Geror walked to a room in the back of the house and found a propane tank with an open flame. According to Officer Qualls, there is an outside door accessing that room with a sign that says "Mike's room." Above the flame was a pot with a lid on it and the contents of the pot were boiling. Officer Geror stated that there was a very strong ammonia smell, causing his eyes to water, and he called in the fire department and the drug task force. Mrs. Bryant was detained and arrested. However, Mr. Bryant fled the residence on foot and was not apprehended until a few months later.

During the search of the premises, the police and crime-lab personnel discovered numerous items used in the manufacture of methamphetamine. These items included cold packs, tubing, drain opener, lithium batteries, coffee filters, and a coffee grinder used for grinding pseudoephedrine pills. Outside of the house, trash had accumulated that included empty drain-opener bottles, empty lithium battery

packs, and empty pseudoephedrine packages. Norman Kemper, a crime-lab chemist, testified that he tested numerous items seized from the house and that he detected the presence of methamphetamine on many of the items. These items included a jar containing a brown material, and coffee filters. A glass smoking pipe seized from a bedroom drawer also contained methamphetamine residue, and a tray found under the bed contained a small quantity of methamphetamine in finished powder form. Mr. Kemper gave the opinion that at the time the police entered the house there was an operational lab in the process of manufacturing methamphetamine.

Appellant's wife, Sherry Bryant, also testified for the State. Mrs. Bryant said that she pleaded guilty to conspiracy to manufacture methamphetamine, and that she received five years' probation. However, she denied that her guilty plea included any condition requiring her to testify against her husband.

Mrs. Bryant testified that she and Mr. Bryant had lived in their house for about a year before the police searched it in November 2007. She stated that on that day she left the house and bought paint thinner and upon her return she gave the paint thinner to Mr. Bryant, who was in the back of the house. At that time, Mr. Bryant was preparing to manufacture methamphetamine, as he had done before. Mrs. Bryant stated that she had been home for about thirty minutes and was cooking lunch when the police arrived.

Upon being arrested, Mrs. Bryant denied any knowledge of criminal activity. Later, she gave a statement to the police at the jail and told them that she was the one manufacturing methamphetamine and that Mr. Bryant was not involved. However, in her testimony Mrs. Bryant stated that she lied to the police about her husband not being involved because she was trying to keep him out of jail.

Mrs. Bryant testified that both she and her husband were involved in the manufacture of methamphetamine, and that she would buy all of the supplies and he would do the manufacturing process. Mrs. Bryant acknowledged that methamphetamine was found under their bed and stated that they both had been using it. She identified a glass pipe recovered during the search, and stated that both she and her husband used the pipe to ingest methamphetamine.

In this appeal, Mr. Bryant challenges the sufficiency of the evidence to support each of his four convictions. Mr. Bryant relies on Arkansas Code Annotated section 16–89–111(e)(1)(A) (Repl.2005), which provides that a conviction cannot be had in any case of a felony upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense. As to all four offenses, Mr. Bryant argues that Mrs. Bryant was an accomplice and thus that corroboration was necessary. Mr. Bryant further asserts that there was not sufficient evidence to corroborate the accomplice testimony and that all of his convictions must be reversed.

We hold that none of the sufficiency arguments raised in this appeal are preserved for review. Rule 33.1(a) of the Arkansas Rules of Criminal Procedure provides that, in a jury trial, a motion for directed verdict shall be made at the close of the State's case and at the close of the evidence, and shall state the specific grounds therefor. The failure of a defendant to make a specific directed-verdict motion constitutes a waiver of any question pertaining to the sufficiency of the evidence to support the verdict. *See* Ark. R.Crim. P. 33.1(c).

Our review of Mr. Bryant's directed-verdict motions made at the close of the State's case (which was also the close of the evidence) reflects that Mr. Bryant did not make a directed-verdict motion on the charge for possession of paraphernalia with intent to manufacture methamphetamine. Therefore, he has waived any question pertaining to the sufficiency of the evidence regarding that conviction. Moreover, while Mr. Bryant did move for a directed verdict on the charge of possession of methamphetamine with intent to deliver (for which he ultimately was not convicted), he failed to move for a directed verdict on the lesser-included offense of possession of methamphetamine (for which the jury found him guilty). In *Grillot v. State*, 353 Ark. 294, 107 S.W.3d 136 (2003), our supreme court made it clear that a defendant, in making his motion for directed verdict, must anticipate an instruction on lesser-included offenses and specifically address the elements of that lesser-included offense on which he wishes to challenge the State's proof in his motion. Because Mr. Bryant failed to challenge the sufficiency of the evidence that he possessed methamphetamine below, but instead challenged only the proof of his intent to deliver, his argument on appeal challenging his conviction for possessing methamphetamine is not preserved. *See id.*

We recognize that Mr. Bryant did raise timely directed-verdict motions with respect to the remaining two charges, those being manufacture of methamphetamine and possession of the glass pipe constituting drug paraphernalia. However, with regard to neither of those charges (nor the other two convictions) did Mr. Bryant raise the argument that Mrs. Bryant was an accomplice and that there was a failure to corroborate her testimony. The only directed-verdict motion wherein appellant asserted that Mrs. Bryant was an accomplice whose testimony must be corroborated pertained to the charge for possession of methamphetamine with intent to deliver, and appellant was not convicted of that offense. This presents procedural bars for two reasons. Our supreme court has held that the defendant bears the burden of proving that a witness is an accomplice whose testimony must be corroborated, and that a defendant must either have the trial court declare a witness to be an accomplice as a matter of law or submit the issue to a jury for determination. *McGehee v. State*, 338 Ark. 152, 992 S.W.2d 110 (1999). In the case at bar Mrs. Bryant was never found to be an accomplice, and Mr. Bryant failed to request that accomplice instructions be submitted to the jury for consideration; therefore, the issue is not preserved for our consideration. *See id.* Moreover, Mr. Bryant failed to raise his accomplice-corroboration argument when he moved for directed verdicts on any of the offenses for which he was subsequently convicted. This also precludes our review of the argument. *See Breshears v. State*, 83 Ark.App. 159, 119 S.W.3d 61 (2003). For these reasons, Mr. Bryant's accomplice-corroboration challenges are barred, and accomplice-corroboration principles are not applicable to our review.

We further conclude that the specific argument that Mr. Bryant did make in his directed-verdict motion for manufacturing methamphetamine is not what he argues on appeal. Mr. Bryant's only argument below was that there was insufficient evidence that methamphetamine was actually manufactured, asserting that the finished product had not been completed. On appeal, he abandons that argument and contends that (1) there was not evidence that he was manufacturing the drug for distribution as opposed to personal use, and (2) there was insufficient evidence that he, as opposed to his wife, was in possession of

the methamphetamine lab. Because neither of these sufficiency arguments was raised in appellant's directed-verdict motion below, they are not preserved and we need not consider them on appeal. *See* Ark. R.Crim. P. 33.1(c).

■ Finally, with regard to Mr. Bryant's challenge to the sufficiency of the evidence to support his conviction for possessing the glass pipe containing residue, the thrust of his argument on appeal is that Mrs. Bryant's accomplice testimony that he used the pipe to ingest methamphetamine was not corroborated. However, as we stated previously, his accomplice-corroboration challenges have been waived. Mr. Bryant also argues on appeal that, even assuming he had used the pipe in the past as his wife indicated in her testimony, this does not mean he constructively possessed the pipe at the time of the search. However, this argument is not preserved because when he made his directed-verdict argument below, he argued only that there was no proof that he had ever possessed the pipe.

We hold that none of appellant's challenges to the sufficiency of the evidence are preserved for appeal; therefore, we affirm each of his convictions.

Affirmed.

PITTMAN and GLOVER, JJ., agree.