

# SUPREME COURT OF ARKANSAS

No. CV-11-438

JAMES EVERETT NELSON
                                    APPELLANT

V.

LARRY NORRIS, DIRECTOR,
ARKANSAS DEPARTMENT OF
CORRECTION
                                    APPELLEE

Opinion Delivered September 19, 2013

PRO SE APPEAL FROM THE
JEFFERSON COUNTY CIRCUIT
COURT, 35CV-10-799, HON. JODI
RAINES DENNIS, JUDGE

AFFIRMED.

## PER CURIAM

A jury found appellant James Everett Nelson guilty of possession of drug paraphernalia with intent to manufacture methamphetamine and possession of pseudoephedrine, and the Washington County Circuit Court sentenced him as a habitual offender to an aggregate sentence of 720 months' imprisonment. The Arkansas Court of Appeals reversed and remanded for a new trial. *Nelson v. State*, 92 Ark. App. 275, 212 S.W.3d 31 (2005). On review, this court affirmed the trial court. *Nelson v. State*, 365 Ark. 314, 229 S.W.3d 35 (2006). Subsequently, appellant filed a pro se pleading for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 in the Washington County Circuit Court, and the trial court denied the petition. We dismissed the appeal because the petition was untimely. *Nelson v. State*, CR-07-418 (Ark. Sept. 27, 2007) (unpublished per curiam).

In 2008, appellant, who was incarcerated in Lincoln County, filed a pro se petition for writ of habeas corpus in the Lincoln County Circuit Court, and the circuit court denied the petition. We dismissed appellant's appeal of the order and held moot a pro se motion for

SLIP OPINION

extension of time to file appellant's brief-in-chief on the basis that it was clear that appellant could not prevail. *Nelson v. Norris*, CV-08-1071 (Ark. Jan. 22, 2009) (unpublished per curiam).

In 2010, appellant filed a second pro se petition for writ of habeas corpus in the Jefferson County Circuit Court, the county in which he was imprisoned.[1] In the petition, appellant alleged that he is entitled to habeas relief based on a number of grounds. The circuit court dismissed the petition, and appellant brings this appeal. On appeal, appellant contends that his sentence is illegal because the trial court erred in admitting evidence of his prior felony convictions and in allowing introduction of evidence seized in violation of the Fourth Amendment to the United States Constitution. He also refers to a claim based on insufficiency of the evidence to support his conviction. Appellant abandons the remainder of the claims raised in his habeas petition.[2] We find no error and affirm.

A writ of habeas corpus is only proper when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Girley v. Hobbs*, 2012 Ark. 447 (per curiam); *Abernathy v. Norris*, 2011 Ark. 335 (per curiam). The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). Under our statute, a petitioner who does not allege his actual innocence must plead either the facial

---

[1] At the time of this decision, appellant remains incarcerated at a prison facility in Jefferson County.

[2] All arguments made below but not raised on appeal are abandoned. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam); *Shipman v. State*, 2010 Ark. 499 (per curiam) (citing *State v. Grisby*, 370 Ark. 66, 257 S.W.3d 104 (2007)).

SLIP OPINION

invalidity or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); *Murry v. Hobbs*, 2013 Ark. 64 (per curiam).

Appellant contends that he is entitled to habeas relief because the trial court erred in admitting evidence of his prior convictions in violation of Rule 404(b) of the Arkansas Rules of Evidence. He also contends that he is entitled to relief because the trial court admitted items seized in an illegal search of his vehicle. These issues do not present grounds for a writ of habeas corpus. The admissibility of evidence is a matter to be addressed at trial and on the record on direct appeal; such challenges are not cognizable in a habeas proceeding. *Craig v. Hobbs*, 2012 Ark. 218 (per curiam); *Ashby v. State*, 2012 Ark. 48 (per curiam).

Appellant also refers to a claim of insufficiency of the evidence to support his conviction. To the extent that appellant has raised a sufficiency argument, we hold that he has failed to state a claim for habeas relief. A challenge to the sufficiency of the evidence is not cognizable in a habeas proceeding. *Craig*, 2012 Ark. 218; *Ashby*, 2012 Ark. 48.

Appellant has failed to show the judgment of conviction was invalid on its face or that the trial court lacked jurisdiction. Thus, we affirm the circuit court's dismissal of appellant's petition.

Affirmed.

*James Everett Nelson*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rachel Hurst Kemp*, Ass't Att'y Gen., for appellee.