SLIP OPINION



Cite as 2013 Ark. 440

# SUPREME COURT OF ARKANSAS
No. CV-13-407

| | |
|---|---|
| TERESE MARIE MEADOWS<br><div align="right">APPELLANT</div><br>V.<br><br>STATE OF ARKANSAS<br><div align="right">APPELLEE</div> | **Opinion Delivered** October 31, 2013<br><br>PRO SE MOTIONS FOR EXTENSION OF BRIEF TIME AND FOR LEAVE TO FILE AMENDED COMPLAINT AND PETITION FOR WRIT OF MANDAMUS [JACKSON COUNTY CIRCUIT COURT, 34CV-13-35, HON. HAROLD S. ERWIN, JUDGE]<br><br><br>APPEAL DISMISSED; MOTIONS AND PETITION MOOT. |

### PER CURIAM

In 2003, appellant Terese Marie Meadows was found guilty by a jury of capital murder with arson as the underlying felony and tampering with evidence. An aggregate sentence of life imprisonment without parole was imposed. This court affirmed. *Meadows v. State*, 360 Ark. 5, 199 S.W.3d 634 (2004).

In 2013, appellant, who was incarcerated at a unit of the Arkansas Department of Correction located in Jackson County, filed a pro se petition for writ of habeas corpus in the Jackson County Circuit Court.[1] In the petition, appellant raised the following grounds for issuance of the writ: prosecutorial misconduct in the form of evidence withheld from the defense, loss of evidence, incorrect transcription of audio and video tapes, and prompting defense counsel to act as a government agent; an offer of a plea bargain based on a bribe and conspiracy by appellant's attorney and the prosecutor to bribe appellant; ineffective assistance

---

[1]As of the date of this opinion, appellant remains incarcerated in Jackson County.

of counsel; and a multitude of trial errors concerning jury instructions, the trial judge's misconceptions of the law, a denial of a constitutional right to trial by a jury of appellant's peers, and perjury by witnesses. The petition for writ of habeas corpus also reiterated issues that were raised on direct appeal to this court. The circuit court dismissed the petition, and appellant lodged an appeal of that order in this court. Now before us are appellant's motion for extension of time to file her brief-in-chief, a motion for leave to file an amended petition, and a petition for writ of mandamus in which appellant seeks this court's assistance in obtaining information on the status of an amended habeas petition that she filed in circuit court on June 3, 2013.

As it is clear from the record that appellant could not prevail on appeal, the appeal is dismissed. The motions and petition are moot. An appeal of the denial of postconviction relief, including an appeal from an order that denied a petition for writ of habeas corpus, will not be permitted to go forward where it is clear that the appellant could not prevail. *Zachry v. Hobbs*, 2013 Ark. 351 (per curiam); *Lukach v. State*, 369 Ark. 475, 255 S.W.3d 832 (2007) (per curiam).

A writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a circuit court lacked jurisdiction over the cause. *Burgie v. Hobbs*, 2013 Ark. 360 (per curiam); *Abernathy v. Norris*, 2011 Ark. 335 (per curiam); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing by affidavit or other evidence [of] probable cause to

SLIP OPINION

believe" that he is illegally detained. *Id.* at 221, 226 S.W.3d at 798–99.

None of the allegations raised by appellant called into question the trial court's jurisdiction or the facial validity of the judgment-and-commitment order. Assertions of trial error, prosecutorial misconduct, and ineffective assistance of counsel do not implicate the facial validity of the judgment or the jurisdiction of the trial court. *See Bliss v. Hobbs*, 2012 Ark. 315 (per curiam); *see also McHaney v. Hobbs*, 2012 Ark. 361 (per curiam) (due-process allegations are not cognizable in a habeas proceeding); *Craig v. Hobbs*, 2012 Ark. 218 (per curiam) (sufficiency of the evidence and admissibility of evidence not cognizable in a habeas proceeding); *Rodgers v. Hobbs*, 2011 Ark. 443 (per curiam) (speedy-trial issue is not cognizable in a habeas proceeding); *Clem v. Hobbs*, 2011 Ark. 311 (per curiam) (a claim of conflict of interest was not properly raised in a habeas proceeding); *Tryon v. Hobbs*, 2011 Ark. 76 (per curiam) (due process and prosecutorial misconduct are matters of trial error not cognizable in a habeas proceeding).

It appears that appellant may have confused a proceeding for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 with a habeas proceeding, inasmuch as she cites case law that pertains to issues pertaining to trial counsel's competence that are cognizable under the Rule. If so, the two remedies are not interchangeable. This court has consistently held that allegations of ineffective assistance of counsel are within the purview of Rule 37.1, not a habeas proceeding. *See Hill v. State*, 2013 Ark. 143 (per curiam); *McHaney*, 2012 Ark. 361; *Robinson v. State*, 2012 Ark. 356 (per curiam); *Smith v. Hobbs*, 2012 Ark. 360 (per curiam); *Hill v. State*, 2012 Ark. 309 (per curiam); *McConaughy v. Lockhart*, 310 Ark. 686, 840 S.W.2d 166 (1992).

In addition to the other grounds for relief asserted by appellant in her petition, she refers to the prosecutor's having said to the court that convicting her of both capital murder and second-degree murder would constitute double jeopardy. We addressed the prosecutor's comment on appeal and action taken by the trial court in response to it, and we found no reversible error. Some claims of double jeopardy are cognizable in a habeas proceeding. *See Bliss*, 2012 Ark. 315; *Flowers v. Norris*, 347 Ark. 760, 68 S.W.3d 289 (2002). Detention for an illegal period of time is precisely what a writ of habeas corpus is designed to correct. *Flowers*, 347 Ark. At 763, 68 S.W.3d at 291. But, where a double-jeopardy claim does not allege that, on the face of the commitment order, there was an illegal sentence imposed on a conviction, the claim does not implicate the jurisdiction of the court to hear the case, and the claim is not one cognizable in a habeas-corpus proceeding. *See Misenheimer v. Hobbs*, 2012 Ark. 343 (per curiam); *Randolph v. State*, 2011 Ark. 510 (per curiam); *see also Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989). Here, appellant failed to establish that the claim warranted issuance of a writ of habeas corpus in her case.

Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Bliss*, 2012 Ark. 315; *Culbertson v. State*, 2012 Ark. 112 (per curiam). A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Id.* Mere trial error does not deprive a court of jurisdiction. *Culbertson*, 2012 Ark. 112; *Tryon*, 2011 Ark. 76. It is true that we will treat allegations of void or illegal sentences similarly to the way that we treat problems of subject-matter jurisdiction. *Friend v. State*, 364 Ark. 315, 219 S.W.3d 123 (2005) (per curiam) (citing *Taylor v. State*, 354 Ark. 450, 125 S.W.3d 174 (2003)).

SLIP OPINION

However, a habeas-corpus proceeding does not afford a prisoner an opportunity to retry his case, and, again, it is not a substitute for direct appeal or postconviction relief. *Meny v. Norris*, 340 Ark. 418, 420, 13 S.W.3d 143, 144 (2000) (per curiam). Appellant's allegations could have been settled in the trial court, on direct appeal, or in a timely-filed postconviction proceeding. A habeas-corpus proceeding does not afford a prisoner a means to revisit the merits of matters that could have been addressed in the trial court, on appeal, or in a postconviction proceeding. *See Douthitt v. Hobbs*, 2011 Ark. 416 (per curiam). When a petitioner in a habeas proceeding failed to raise a claim within the purview of a habeas action, the petitioner failed to meet his burden of demonstrating a basis for a writ of habeas corpus to issue. *Fuller v. State*, 2012 Ark. 376 (per curiam); *Rodgers*, 2011 Ark. 443; *Henderson v. White*, 2011 Ark. 361 (per curiam). Appellant fell far short of meeting that burden, and, therefore, she could not prevail on appeal. *See Nelson v. Norris*, 2013 Ark. 333 (per curiam).

Appeal dismissed; motions and petition moot.

*Terese Marie Meadows*, pro se appellant.

No response.