SLIP OPINION

Cite as 2014 Ark. 287

# SUPREME COURT OF ARKANSAS

No. CV-12-1073

| | |
|---|---|
| MICHAEL RAY BRYANT<br><div align="right">APPELLANT</div> | **Opinion Delivered** June 19, 2014 |
| V. | PRO SE APPEAL FROM THE<br>LINCOLN COUNTY CIRCUIT COURT<br>[NO. 40CV-12-79] |
| RAY HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br><div align="right">APPELLEE</div> | HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br>AFFIRMED. |

## PER CURIAM

In 2010, appellant Michael Ray Bryant was found guilty by a jury in the Poinsett County Circuit Court of possession of drug paraphernalia with intent to manufacture methamphetamine, possession of methamphetamine, possession of drug paraphernalia, and manufacturing methamphetamine. He was sentenced to an aggregate term of 708 months' imprisonment.[1] The Arkansas Court of Appeals affirmed. *Bryant v. State*, 2011 Ark. App. 348, 384 S.W.3d 46.

In 2012, appellant, who is incarcerated at a facility of the Arkansas Department of Correction located in Lincoln County, filed a pro se petition for writ of habeas corpus in the Lincoln County Circuit Court.[2] The circuit court dismissed appellant's petition without a hearing, and appellant now brings this appeal.

We will not reverse a circuit court's decision denying habeas-corpus relief unless the

---

[1]Appellant was sentenced to consecutive sentences of 180 months, 120 months, 120 months, and 288 months, respectively.

[2]As of the date of this opinion, appellant remains incarcerated in Lincoln County.

SLIP OPINION

decision was clearly erroneous. *Frost v. State*, 2014 Ark. 46 (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Tolefree v. State*, 2014 Ark. 26 (per curiam) (citing *Hill v. State*, 2013 Ark. 413 (per curiam)).

A writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Girley v. Hobbs*, 2012 Ark. 447 (per curiam); *Abernathy v. Norris*, 2011 Ark. 335 (per curiam). The burden is on the petitioner in a habeas-corpus petition to establish that the circuit court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). Under our statute, a petitioner who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity or the lack of jurisdiction by the trial court and must additionally make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); *Murphy v. State*, 2013 Ark. 155 (per curiam); *Murry v. Hobbs*, 2013 Ark. 64 (per curiam). Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Murphy*, 2013 Ark. 155.

On appeal, appellant challenges the validity of two of his convictions and sentences. Specifically, appellant argues, as he did in his petition, that he was subjected to double jeopardy when he was convicted and sentenced for the charges of possession of methamphetamine and

SLIP OPINION

manufacturing methamphetamine because one offense is a lesser-included offense of the other.[3]

Some claims of double jeopardy are cognizable in a habeas proceeding. *Meadows v. State*, 2013 Ark. 440 (per curiam); *see also Flowers v. Norris*, 347 Ark. 760, 68 S.W.3d 289 (2002). Detention for an illegal period of time is precisely what a writ of habeas corpus is designed to correct. *Meadows*, 2013 Ark. 440. But, when a double-jeopardy claim does not allege that, on the face of the commitment order, there was an illegal sentence imposed on a conviction, the claim does not implicate the jurisdiction of the court to hear the case, and the claim is not one cognizable in a habeas proceeding. *Id.*; *Burgie v. Hobbs*, 2013 Ark. 360 (per curiam). To the extent that appellant may have stated a cognizable double-jeopardy claim, it was without merit.

The Double Jeopardy Clauses of the United States and Arkansas Constitutions protect criminal defendants from multiple punishments for the same offense. *See Cothron v. State*, 344 Ark. 697, 42 S.W.3d 543 (2001) (citing *Wilcox v. State*, 342 Ark. 388, 39 S.W.3d 434 (2000) and *North Carolina v. Pearce*, 395 U.S. 711 (1969)). In *Blockburger v. United States*, 284 U.S. 299 (1932), the Supreme Court held that the double-jeopardy bar applies in the multiple-punishment context if the two offenses for which the defendant is punished cannot survive the "same elements" test. The same-elements test, commonly referred to as the *Blockburger* test, is as follows:

> *[W]here the same act or transaction* constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. . . . 'A single act may be an offense against two statutes, and if each statute requires proof of an additional fact

---

[3]Because appellant did not attach a copy of the judgment-and-commitment order to the petition for writ of habeas corpus, it is not included in the record. However, we may take judicial notice of the record of appellant's direct appeal, which does include the judgment-and-commitment order, because it is contained in the public records of the clerk for this court and the court of appeals. *See Romero v. State*, 2012 Ark. 133 (per curiam).

SLIP OPINION

which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.'

*Blockburger*, 284 U.S. at 304 (emphasis added) (citations omitted (quoting *Gravieres v. United States*, 220 U.S. 338, 342 (1911)). The *Blockburger* test has been applied by this court, *see Cothron*, 344 Ark. 697, 42 S.W.3d 543; *Craig v. State*, 314 Ark. 585, 863 S.W.2d 825 (1993), and the Arkansas General Assembly has codified this constitutional protection at Arkansas Code Annotated section 5-1-110 (Supp. 2009).[4]

While we agree that possession of a controlled substance is a lesser-included offense of manufacturing that substance, *Craig*, 314 Ark. 585, 863 S.W.2d 825, we disagree that appellant's rights against double jeopardy were violated in the instant case because he has not established in the habeas petition that his convictions for the possession and the manufacturing of methamphetamine arose from the same act, transaction, or conduct. As the court of appeals noted in its opinion affirming appellant's direct appeal, evidence introduced at appellant's trial indicated that a propane tank with an open flame was found in the back room of appellant's residence and that a covered pot containing boiling contents, which smelled of ammonia, was placed above the flame. *Bryant*, 2011 Ark. App. 348, 384 S.W.3d 46. A crime-lab chemist testified that, when the police entered the residence, there was an operational lab in the process of manufacturing methamphetamine. *Id.* After further searching the premises, officers recovered a tray containing a small amount of methamphetamine in finished powder form from

---

[4]Arkansas Code Annotated section 5-1-110 provides in relevant part that, "*[w]hen the same conduct* of a defendant may establish the commission of more than one (1) offense," the defendant may be prosecuted for more than one offense but may not be convicted of more than one offense if one offense is the lesser-included offense of another. (Emphasis added.)

under a bed in the residence, as well as a glass pipe containing methamphetamine residue from a bedroom drawer. *Id.* Thus, the evidence established that appellant's convictions for the two charges did not arise from the same conduct. The manufacturing conviction was supported by the evidence found in the back room of appellant's residence and the testimony of the crime-lab chemist, and the possession conviction was supported by the methamphetamine found under the bed.

Because appellant failed to establish the facial invalidity of the judgment or demonstrate a lack of the trial court's jurisdiction, there was no basis on which a writ of habeas corpus could be issued. *See Culbertson v. State*, 2012 Ark. 112 (per curiam). Accordingly, the circuit court's order of dismissal is affirmed.

Affirmed.

*Michael Ray Bryant*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *LeaAnn J. Adams*, Ass't Att'y Gen., for appellee.