SLIP OPINION

Cite as 2014 Ark. 285

# SUPREME COURT OF ARKANSAS

No. CV-12-796

|  |  |  |
|---|---|---|
| BERNANCE WESSON | APPELLANT | **Opinion Delivered** June 19, 2014 |
| V. | | PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CV-12-328] |
| RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | APPELLEE | HONORABLE JODI RAINES DENNIS, JUDGE |
| | | AFFIRMED. |

## PER CURIAM

In 2010, appellant Bernance Wesson entered a plea of guilty to violating the terms of his previously imposed probation and was sentenced to ninety-six months' imprisonment. Subsequently, appellant, who was incarcerated at a unit of the Arkansas Department of Correction located in Jefferson County, filed a pro se petition for writ of habeas corpus in the Jefferson County Circuit Court.[1] In the petition for writ of habeas corpus, appellant contended the following: his probation was revoked in an untimely proceeding; he was not afforded effective assistance of counsel in the revocation proceeding; he was not afforded a speedy trial; the trial court failed to follow proper procedure when it accepted his plea at the revocation hearing. The circuit court dismissed the petition, and appellant brings this appeal.

A writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Gooch v. Hobbs*, 2014 Ark. 73; *Davis v. Hobbs*, 2014 Ark. 45 (per curiam); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The

---

[1]As of the date of this opinion, appellant remains incarcerated in Jefferson County.

SLIP OPINION

burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). The petitioner must plead either the facial invalidity of the judgment or the lack of jurisdiction and make a "showing by affidavit or other evidence [of] probable cause to believe" that he is illegally detained. *Id.* at 221, 226 S.W.3d at 798.

On appeal, appellant challenges the circuit court's ruling that he stated no ground on which a writ of habeas corpus could issue. We will not reverse a circuit court's decision granting or denying a petition for writ of habeas corpus unless the decision was clearly erroneous. *Frost v. State*, 2014 Ark. 46 (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Tolefree v. State*, 2014 Ark. 26 (per curiam) (citing *Hill v. State*, 2013 Ark. 413 (per curiam)).

First, appellant's claim of ineffective assistance of counsel was not cognizable in a habeas proceeding. *Green v. State*, 2014 Ark. 30 (per curiam); *Rodgers v. State*, 2011 Ark. 443 (per curiam); *Willis v. State*, 2011 Ark. 312; *Tryon v. State*, 2011 Ark. 76 (per curiam); *Grimes v. State*, 2010 Ark. 97 (per curiam). Any allegation appellant desired to raise concerning counsel's effectiveness should have been raised in a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2010). *See Green*, 2014 Ark. 30; *see also Rodgers*, 2011 Ark. 443; *Christopher v. Hobbs*, 2011 Ark. 399 (per curiam). A petition for writ of habeas corpus is not a substitute for proceeding under the Rule. *Rodgers*, 2011 Ark. 443; *Rickenbacker v. Norris*, 361 Ark.

SLIP OPINION

291, 206 S.W.3d 220 (2005) (per curiam).

Appellant claimed that he was not afforded a timely revocation proceeding in that the revocation was not held within sixty days of the date of his arrest pursuant to Arkansas Code Annotated section 5-4-310(b)(2) (Repl. 2006), which was in effect when his probation was revoked. The claim is not a ground for the writ because there was no jurisdictional defect created by the delay. While the sixty-day period to hold a revocation hearing is not a part of the speedy-trial rule, *Dority v. State*, 329 Ark. 631, 951 S.W.2d 559 (1997), the issue created is similar in that the crux of the assertion is that the revocation order was invalid because the hearing was not timely held. We have held repeatedly that speedy-trial claims are not cognizable in a habeas proceeding. *Murphy v. State*, 2013 Ark. 155 (per curiam). As with a speedy-trial claim, the failure to hold the hearing within sixty days did not implicate the facial validity of the judgment or jurisdiction of the trial court, and, thus, the issue was not cognizable in a proceeding for writ of habeas corpus. When the issue of jurisdiction is invoked, the petitioner is not entitled to issuance of the writ unless he demonstrates probable cause to believe that the trial court lacked jurisdiction of the person or the subject matter. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Fortier v. Hobbs*, 2014 Ark. 209 (per curiam) (citing *Bliss v. Hobbs,* 2012 Ark. 315 (per curiam)). Appellant did not make a showing by affidavit or other evidence of probable cause to show that there was some jurisdictional defect created by the revocation procedure or that the judgment was rendered facially invalid by a failure to timely hold the revocation hearing.

Likewise, as to the other allegations of trial error raised by appellant, none of the claims

called into question the trial court's jurisdiction or the facial validity of the judgment-and-commitment order. Assertions of trial error do not implicate the facial validity of the judgment or the jurisdiction of the trial court. *Meadows v. State*, 2013 Ark. 440 (per curiam); *see also McHaney v. Hobbs*, 2012 Ark. 361 (per curiam) (Due-process allegations are not cognizable in a habeas proceeding.); *Craig v. Hobbs*, 2012 Ark. 218 (per curiam) (sufficiency of the evidence and admissibility of evidence not cognizable in a habeas proceeding); *Rodgers v. Hobbs*, 2011 Ark. 443 (per curiam) (speedy-trial issue is not cognizable in a habeas proceeding); *Clem v. Hobbs*, 2011 Ark. 311 (per curiam) (A claim of conflict of interest was not properly raised in a habeas proceeding.); *Tryon v. Hobbs*, 2011 Ark. 76 (per curiam) (due process and prosecutorial misconduct are matters of trial error not cognizable in a habeas proceeding). A habeas-corpus proceeding does not afford a convicted defendant an opportunity to retry his case and argue issues that could have been settled in the trial court. *Meadows*, 2013 Ark. 440; *Smith v. Hobbs*, 2013 Ark. 400 (per curiam).

When a petitioner in a habeas proceeding fails to establish that any constitutional or procedural violations implicated the jurisdiction of the trial court or rendered the judgment-and-commitment order invalid on its face, the petitioner has not stated a basis for the writ to issue. *Chambliss v. State*, 2014 Ark. 188 (per curiam). Because appellant's petition did not establish the facial invalidity of the judgment or demonstrate a lack of the trial court's jurisdiction, the circuit court did not err when it dismissed the petition. *Watson v. State*, 2014 Ark. 147 (per curiam). Accordingly, the circuit court's order is affirmed.

Affirmed.
*Bernance Wesson*, pro se appellant.
*Dustin McDaniel*, Att'y Gen., by: *Pamela A. Rumpz*, Ass't Att'y Gen., for appellee.