SLIP OPINION  Cite as 2014 Ark. 408

# SUPREME COURT OF ARKANSAS

No. CV–13–954

JAMES AVERY HOLLIDAY
**APPELLANT**

V.

RAY HOBBS, DIRECTOR,
ARKANSAS DEPARTMENT OF
CORRECTION
**APPELLEE**

Opinion Delivered October 2, 2014

PRO SE APPEAL FROM THE
LINCOLN COUNTY CIRCUIT
COURT
[NO. 40CV–13–30]

HONORABLE JODI RAINES
DENNIS, JUDGE

AFFIRMED.

## PER CURIAM

In 2009, judgment was entered reflecting that appellant James Avery Holliday had been found guilty of sexual assault in the second degree and rape. He was sentenced to an aggregate term of 720 months' imprisonment. The Arkansas Court of Appeals affirmed. *Holliday v. State*, 2010 Ark. App. 705.

In 2013, appellant, who is incarcerated at a unit of the Arkansas Department of Correction located in Lincoln County, filed a pro se petition for writ of habeas corpus in the Lincoln County Circuit Court. In the petition for writ of habeas corpus, appellant contended the following: he was not afforded effective assistance of counsel by his attorney in pretrial and trial proceedings; the judgment in his case is invalid on its face because he is actually innocent of the offenses of which he was found guilty; the evidence was insufficient to sustain the judgment; the prosecution wrongfully used perjured, conflicting, and unreliable testimony to establish his guilt; there were a number of errors in his trial, including the admission of evidence of prior bad acts and admission of unreliable evidence. The circuit court dismissed the petition,



and appellant brings this appeal.

A writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Wesson v. Hobbs*, 2014 Ark. 285 (per curiam); *Gooch v. Hobbs*, 2014 Ark. 73; *Davis v. Hobbs*, 2014 Ark. 45 (per curiam); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). The petitioner must plead either the facial invalidity of the judgment or the lack of jurisdiction and make a "showing by affidavit or other evidence [of] probable cause to believe" that he is illegally detained. *Id.* at 221, 226 S.W.3d at 798.

On appeal, appellant asks this court to examine the evidence adduced at trial, which he contends was clearly inadequate to sustain the jury's finding of guilt. He argues that he was an upstanding citizen who was well regarded in the community and that he was convicted despite a lack of trustworthy evidence. He also asserts that his conviction was the fault of poor advice and inadequate assistance on the part of his attorney.

We will not reverse a circuit court's decision granting or denying a petition for writ of habeas corpus unless the decision was clearly erroneous. *Frost v. State*, 2014 Ark. 46 (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Tolefree v. State*, 2014 Ark. 26 (per curiam) (citing *Hill v. State*, 2013 Ark. 413



(per curiam)).

First, appellant's claim of ineffective assistance of counsel is not cognizable in a habeas proceeding. *Green v. State*, 2014 Ark. 30 (per curiam); *Rodgers v. Hobbs*, 2011 Ark. 443 (per curiam); *Willis v. Hobbs*, 2011 Ark. 312 (per curiam); *Tryon v. Hobbs*, 2011 Ark. 76 (per curiam); *Grimes v. State*, 2010 Ark. 97 (per curiam). Any allegation appellant desired to raise concerning counsel's effectiveness should have been raised in a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2009). *See Green*, 2014 Ark. 30; *see also Rodgers*, 2011 Ark. 443; *Christopher v. Hobbs*, 2011 Ark. 399 (per curiam). A petition for writ of habeas corpus is not a substitute for proceeding under the Rule. *Wesson*, 2014 Ark. 285; *Rodgers*, 2011 Ark. 443; *Rickenbacker v. Norris*, 361 Ark. 291, 206 S.W.3d 220 (2005) (per curiam).

With respect to the allegations of trial error raised by appellant, appellant appears to have misconstrued the scope of a habeas-corpus proceeding. None of the claims he raised called into question the trial court's jurisdiction or the facial validity of the judgment-and-commitment order. Assertions of trial error do not implicate the facial validity of the judgment or the jurisdiction of the trial court. *See Wesson*, 2014 Ark. 285; *Meadows v. State*, 2013 Ark. 440 (per curiam); *see also McHaney v. Hobbs*, 2012 Ark. 361 (per curiam) (Due-process allegations are not cognizable in a habeas proceeding.). *Tryon*, 2011 Ark. 76 (Due process and prosecutorial misconduct are matters of trial error not cognizable in a habeas proceeding.). Likewise, the sufficiency of the evidence and admissibility of evidence are not issues cognizable in a habeas proceeding. *Craig v. Hobbs*, 2012 Ark. 218 (per curiam). A habeas-corpus proceeding does not afford a convicted defendant an opportunity to retry his case and argue or reargue issues that

could have been settled in the trial court and on the record on direct appeal. *Wesson*, 2014 Ark. 285; *Meadows*, 2013 Ark. 440; *Smith v. Hobbs*, 2013 Ark. 400 (per curiam).

Appellant here does not dispute that the trial court had personal jurisdiction over him and jurisdiction of the subject matter. He claims only that the judgment-and-commitment order was invalid because he was not guilty, his trial was flawed, and his attorney was ineffective. Appellant did not make a showing by affidavit or other evidence of probable cause to show that there was some jurisdictional defect or that the judgment was facially invalid. When a petitioner in a habeas proceeding fails to establish that any constitutional or procedural violations implicated the jurisdiction of the trial court or rendered the judgment-and-commitment order invalid on its face, the petitioner has not stated a basis for the writ to issue. *Chambliss v. State*, 2014 Ark. 188 (per curiam). Because appellant's petition did not make the showing required for issuance of the writ, the circuit court did not err when it dismissed the petition. *Watson v. State*, 2014 Ark. 147 (per curiam). Accordingly, the circuit court's order is affirmed.

Affirmed.

*James Avery Holliday*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.