SLIP OPINION

Cite as 2015 Ark. 3

# SUPREME COURT OF ARKANSAS

No. CV-14-187

| | | |
|---|---|---|
| DERRICK L. DUNBAR | APPELLANT | Opinion Delivered January 15, 2015 |
| V. | | PRO SE APPEAL FROM THE LEE COUNTY CIRCUIT COURT [NO. 39CV-14-8] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE RICHARD LEE PROCTOR, JUDGE |
| | | AFFIRMED. |

**PER CURIAM**

In 2013, appellant Derrick L. Dunbar entered a plea of guilty to aggravated robbery and was sentenced to 240 months' imprisonment. On January 21, 2014, appellant filed a pro se petition for writ of habeas corpus in the Lee County Circuit Court, the county in which he was imprisoned.[1]

In the petition, appellant appeared to assert a claim of ineffective assistance of counsel, alleging that counsel failed to apprise him before he entered his guilty plea that he would be required to serve one hundred percent of his sentence resulting in a plea that was not knowing, intelligent, and voluntary. Appellant also referred to the sentencing order and to the standard for determining when a writ of habeas corpus should issue, and he made a number of convoluted statements. Finding that appellant's allegations were conclusory, the circuit court denied the petition. Appellant has lodged an appeal of that order in this court.

Appellant argues on appeal that he did not receive the safeguard of receiving adequate

---

[1]At the time of this decision, appellant remains incarcerated in Lee County.

counsel such that he is being held pursuant to an invalid conviction; that he only accepted a plea bargain based on counsel's assurances that he would be required to serve seventy percent of his sentence before becoming eligible for parole, but he has since learned that he is required to serve one hundred percent of his sentence; that, because counsel failed to apprise him that he would be required to serve one hundred percent of his sentence, he entered into a plea that was not knowing, voluntary, and intelligent; and that the circuit court erroneously found that the allegations in his petition were conclusory.

We find no ground on which to reverse the order. A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Sanders v. Straughn*, 2014 Ark. 312, 439 S.W.3d 1 (per curiam) (citing *Henderson v. State*, 2014 Ark. 180 (per curiam)). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Bryant v. Hobbs*, 2014 Ark. 287 (per curiam).

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Id.* The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Id.* (citing *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam)). Under our statute, a petitioner who does not proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity or the lack of jurisdiction by the trial court and must additionally make a showing by affidavit or other evidence of probable cause to believe

SLIP OPINION

that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); *Murphy v. State*, 2013 Ark. 155 (per curiam). Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Murphy*, 2013 Ark. 155.

To the extent that appellant is raising a claim of ineffective assistance of counsel involving his guilty plea, the allegations are not cognizable in a habeas proceeding. *Green v. State*, 2014 Ark. 30 (per curiam); *Rodgers v. Hobbs*, 2011 Ark. 443 (per curiam); *Willis v. State*, 2011 Ark. 312; *Tyron v. State*, 2011 Ark. 76 (per curiam); *Grimes v. State*, 2010 Ark. 97 (per curiam). Any allegation appellant desired to raise concerning counsel's effectiveness should have been raised in a timely filed petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. *See Green*, 2014 Ark. 30; *see also Rodgers*, 2011 Ark. 443; *Christopher v. Hobbs*, 2011 Ark. 399 (per curiam). A petition for writ of habeas corpus is not a substitute for proceeding under the Rule. *Rodgers*, 2011 Ark. 443; *Rickenbacker v. Norris*, 361 Ark. 291, 206 S.W.3d 220 (2005) (per curiam).

While appellant also argues on appeal that the remaining allegations raised in his petition were not conclusory, his petition did, in fact, contain a number of convoluted and conclusory statements that provided no basis for granting habeas relief. These statements failed to address how any constitutional or procedural violations implicated the jurisdiction of the trial court or rendered the judgment-and-commitment order invalid on its face. A purely conclusory allegation with no facts to establish the merit of the claim is not grounds for a writ of habeas corpus. *Tolefree v. State*, 2014 Ark. 26 (per curiam); *Strong v. Hobbs*, 2013 Ark. 376 (per curiam).

Because appellant did not establish the facial invalidity of the judgment or demonstrate a lack of the trial court's jurisdiction, he did not establish a basis for a writ of habeas corpus to issue. *See Culbertson v. State*, 2012 Ark. 112 (per curiam); *Skinner v. Hobbs*, 2011 Ark. 383 (per curiam); *McHaney v. Hobbs*, 2012 Ark. 361 (per curiam). Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Bliss v. Hobbs*, 2012 Ark. 315 (per curiam); *Culbertson*, 2012 Ark. 112; *Fudge v. Hobbs*, 2012 Ark. 80 (per curiam); *Anderson v. State*, 2011 Ark. 35 (per curiam); *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). Appellant offered nothing in his habeas petition to demonstrate that the trial court in his case did not have subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes, and he failed to establish that the judgment was invalid on its face. Accordingly, the circuit court's order is affirmed.

Affirmed.

*Derrick L. Dunbar*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.