SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–15–492

| | |
|---|---|
| DEONTAE FULTON<br><br>APPELLANT<br><br><br>V.<br><br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** January 20, 2016<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION<br>[NO. CR–2013-2648]<br><br>HONORABLE HERBERT WRIGHT, JUDGE<br><br>AFFIRMED |

## M. MICHAEL KINARD, Judge

Deontae Fulton was charged with first-degree murder in connection with the June 2013 death of Juan Reyes. After a bench trial, he was convicted of the charge and was sentenced to thirty-five years in the Arkansas Department of Correction. On appeal, he contends that insufficient evidence was presented to support the finding of guilt. We affirm.

As is pertinent here, a person commits first-degree murder if, with the purpose of causing the death of another person, he causes the death of another person. Ark. Code Ann. § 5-10-102(a)(2) (Repl. 2013). When the sufficiency of the evidence is challenged on appeal from a criminal conviction, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the State, considering only that proof that tends to support the finding of guilt. *Robinson v. State*, 2010 Ark. App. 772. We will affirm if substantial evidence exists to support the conviction. *Id.* Substantial evidence is that which

is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without requiring resort to speculation or conjecture. *Id*.

A brief recitation of the evidence will suffice. According to witness Atarius Bishop, appellant was a passenger in a car driven by Bishop on the day in question. After riding around and smoking marijuana, the two stopped at the home of Morisha McCoy. Ms. McCoy's boyfriend, the victim Juan Reyes, was in the front yard drinking a beer. The three men had known one another for many years, and they engaged in a conversation. Both Bishop and appellant had previously had a sexual relationship with Ms. McCoy. Appellant was jealous, and he began crudely describing his sexual relationship with Ms. McCoy. He asked Reyes if he wanted to fight, but Reyes declined. Eventually, appellant got out of the car and knocked the beer from Reyes's hand. Bishop then got out of the car and started toward the other side. At that point, he heard a gunshot. Reyes fell, and appellant was holding a pistol. Appellant and Bishop got back in the vehicle and left. Bishop denied any involvement in the crime and denied knowing that appellant intended to kill Reyes.

According to Dr. Adam Craig of the Arkansas State Crime Laboratory, Reyes was shot in the head at a slightly downward angle from two to three feet away. The wound severed the spinal cord from the brain and killed Reyes instantly.

Appellant first contends that the evidence is insufficient to support his conviction because Bishop "is someone entirely unworthy of belief." He argues that it is equally likely that Bishop was the real killer. Appellant specifically points to the testimony of another witness who stated that she had overheard Bishop admit to having shot and killed Reyes.

Appellant's motion to dismiss was based on the credibility of the witnesses. However, it is the sole province of the factfinder to determine credibility and to decide the weight and value of witness testimony. *Robinson v. State*, *supra*. This court will not pass upon the credibility of a witness and has no right to disregard testimony once the factfinder has given it credence, unless the testimony is inherently improbable, physically impossible, or so clearly unbelievable that reasonable minds could not differ thereon. *Id*. From our review of the record, we conclude that sufficient evidence was presented that appellant shot and killed the victim.

Appellant next contends that his conviction must be reversed because Bishop was an accomplice whose uncorroborated testimony was insufficient to support the finding of guilt. *See* Ark. Code Ann. § 16-93-111(e)(1) (Supp. 2015). We conclude that this issue was not preserved for appeal, and we do not address it on the merits.

Rule 33.1(c) of the Arkansas Rules of Criminal Procedure provides that the failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner prescribed in the rule will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the judgment. A motion to dismiss must specify the respect in which the evidence is deficient, *id*., and one cannot change the grounds for his motion on appeal. *Armstrong v. State*, 2011 Ark. App. 530. The rule applies to an accomplice-corroboration argument. *Id*.; *Bryant v. State*, 2011 Ark. App. 348, 384 S.W.3d 46. Here, appellant never argued to the trial court that Bishop was an accomplice whose testimony had to be corroborated; his motion to dismiss was limited to an argument about witness

SLIP OPINION


credibility and reasonable doubt.  Therefore, appellant's contention was waived for purposes of appeal.

Affirmed.

VIRDEN and GLOVER, JJ., agree.

*Sherwood & Merritt, PLLC*, by: *Sara F. Merritt*, for apellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., and *Rafael Gallaher*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the Supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.